## ICHABOD FOSTER *vs.* PETER HAINES.

A licensed innholder is not liable, under *statute* of 1834, *ch.* 141, to the penalty of ten dollars for selling spirituous liquor in a particular instance.

But if such licensed innholder presume to be a common retailer, without being licensed as such, he is liable under that statute to the penalty of fifty dollars.

The granting, or refusing to grant amendments, is within the discretion of a Judge of the Court of Common Pleas, and therefore does not furnish matter for exceptions.

THE action was debt, there being but one count in the declaration, founded on the *statute* of *March* 13, 1834, *ch.* 141, to recover two penalties alleged to have been incurred by the defendant for selling by retail, without license therefor, a pint of gin to one individual, and a quart of brandy to another. The action was originally commenced before a Justice of the Peace, and came into the Common Pleas by appeal, and into this Court by exceptions to the direction and ruling of the Judge of that Court.

The defendant moved, in the Court of Common Pleas, to quash the writ on the ground, that two offences were included in one count, which motion, *Smith J.* overruled. The plaintiff, under general leave to amend, offered an amendment, setting out each of the two offences in separate counts, which the Judge re-

fused to allow. It appeared, that the defendant had sold the gin and brandy, as stated in the declaration; that the gin was carried away from the house of the defendant; and that at the time he was regularly licensed, as an innholder, but not as a retailer. The Judge was of opinion, that the action could not be maintained, and directed a nonsuit.

*R. Goodenow*, for the plaintiff, contended that the amendment ought to have been allowed; that the *statute* of 1821, *ch.* 59 *sec.* 16, was general, and applied to actions for penalties, as well as to other actions. And one penalty might have been recovered without amendment, unless specially demurred to.

The action is brought upon the latter part of the first section of the *stat.* of 1834, and which is copied without alteration from the *statute* of 1821. The offence is complete on selling any quantity to be carried away without a license, as a retailer. The only question is, whether a license, as an innholder, will authorize him to do this. The first section of the statute gives no right to sell except under license, and license too for that employment. The license of a retailer does not authorize him to keep tavern, nor that of an innholder give him any liberty to sell as a retailer. If it had not been for the license, as an innholder, there could be no defence set up. These have always been considered as distinct employments, and distinct licenses have been required. The defendant cannot defend himself, as an innholder, and stands like a person without license of any kind.

*Tenney*, for the defendant.

It is very clear, that the declaration for two distinct penalties, alleged to have been incurred by the commission of two distinct offences, is bad. *Chitty on Pl.* 390 to 397. The rejection of the proposed amendment in a penal action was proper in itself; but were it otherwise, it is but an exercise of discretion for which no exception can be taken. 3 *Greenl.* 183; *ibid.* 216.

But the license to the defendant, as an innholder, authorizes whatever is shewn to have been done by him in this case. Not only does the definition of the term authorize an innholder to sell spirituous liquor in small quantities, but the statute itself, in several instances, implies it. It is said, that this is a selling to carry away. In one instance it was carried away, but not sold for that

purpose. It is however out of the power of the innholder to prevent its being carried away when once sold. This must have been the view taken of the statute in *State* v. *Burr*, 1 *Fairf*. 438. That covers the whole of this case.

The opinion of the Court, at a subsequent term, was delivered by

WESTON C. J. — In the case of *Wyman* v. *Dorr*, 3 *Greenl.* 183, and in *Clapp* v. *Balch*, 3 *Greenl*. 216, it was held that the granting or refusing to grant amendments, was within the discretion of the Common Pleas, and therefore did not furnish matter for exceptions. But if the original declaration had contained the counts, offered under leave to amend, we are of opinion, that after the plaintiff had introduced his testimony, a nonsuit was properly ordered, by the Judge who presided at the trial. It appeared by the plaintiff's own showing, that the defendant was a licensed innholder. He was then authorized to sell spirituous liquors, having a license therefor. It is lawful for innholders to sell such liquors, except to certain persons, for selling to whom a special forfeiture is provided. They are to take care not to suffer within their premises any revelling, riotous or disorderly conduct, under pain of forfeiting the bond, they are required to give.

The plaintiff relies, to support his action, upon the latter part of the first section of the *statute* of 1834, *ch*. 141, for the regulation of innholders, retailers and common victuallers. It provides that if any person shall at any time sell any spirituous liquors, or any mixed liquors, part of which is spirituous, without license therefor, duly had and obtained, he shall forfeit for each offence the sum of ten dollars. This is an offence, which cannot be committed by a regular innholder, for he has a license, which authorizes such sale. If the defendant was licensed, which is in proof, the acts charged, even in the amended count, constitute no offence. He had a right to sell to travellers and others, as may be deduced by fair implication, especially if we take into consideration the statute passed in *pari materie*, at former periods. And this right has been extended also to a common victualler. *State* v. *Burr*, 1 *Fairf*. 438. And it is admitted in argument,

by the counsel for the plaintiff, that an innholder might thus sell, to be drank in his house, but not to be carried from it. If this distinction is well founded, the gist of the offence consisted in its being sold to be carried away, which should have been averred in the declaration. As it was not averred, it failed in an essential point, according to his own construction. The offence charged was not proved. The nonsuit then was proper; although there may have been proof of an offence not charged. And if an innholder has no right to sell spirituous liquor to be carried away from his house, it would be difficult to show, that by so doing, he forfeits the penalty demanded in this action; or that he is liable under the section, upon which it is based, which is silent upon this point.

It is further insisted, that if an innholder sell spirituous liquor to be carried away, and may do it with impunity, he has all the privileges of a common retailer. But if he presumes to be a common retailer, without being licensed as such, he is liable under the statute to a forfeiture of fifty dollars. It is not pretended, that the defendant is charged as a common retailer.

And we are all of opinion, for the reasons before stated, that the nonsuit was properly ordered.

*Exceptions overruled.*