Wakefield Bank *v.* Truesdell.

---

---◆---

THE WAKEFIELD BANK *vs.* TRUESDELL.

Where the maker of a promissory note, when it arrives at maturity, pays to
the holder the interest thereon in advance, for a definite period, and the lat-
ter receives the money and indorses it on the note as " interest " to the time
specified, this, although there be no express agreement by the holder to wait
for the payment of the principal till that time, will amount to an extension of
time, and will discharge a guarantor; where it is evident that it was the in-
tention and understanding of the parties that time should be given.

When there is a mutual understanding between the parties, under such circum-
stances, that the time of payment shall be extended, it has all the binding
force of an express agreement by the holder to wait.

The cashier of a bank is the financial officer thereof, and his agreements in be-
half of his principal, in all matters relating to its business of discounting and
banking are binding upon it, to the same extent as if made by a resolution
of the board of directors.

APPEAL by the plaintiff from a judgment entered upon
the report of a referee.

On the 23d of February, 1855, the ·Beaver Manufactur-

ing Company, by its treasurer, made its promissory note for $2500, (without interest,) to the order of John Thompson, payable at the Wakefield Bank, at six months after date. The note was indorsed by the payee; the payment was jointly and severally guarantied by the defendant and several others, and on the 28th day of February the note was discounted by the plaintiff, for the accommodation of the maker, and the proceeds placed to the credit of Thompson, who was an agent of the company.

On the 24th of August, 1855, John Thompson paid to the cashier of the plaintiff, with the funds of the maker, the interest on the note up to the 26th day of February, 1856, which payment was made without the knowledge or assent of the defendant. The payment was made and re- ceived specifically for interest, and the cashier indorsed upon the note the words, "Int. paid to Feby. 26th, 1856," but no express agreement was made to wait for the payment of the principal till that time, or any agreement other than what is to be implied from the transaction as above stated.

The referee found, on this point, that the plaintiff, without the knowledge or assent of the defendant, did extend the time of payment upon the note for six months, and gave the maker time for its payment until the 26th day of February, 1856, and that the defendant was thereby discharged from his liability as surety, and ordered judgment for the defendant.

*E. Moore*, for the appellant.

*Geo. F. Comstock*, for the respondent.

*By the Court*, FOSTER, J. In the view I take of this case, it is unnecessary to present an analysis of the authorities cited by the counsel; as to which there is some real and

more seeming conflict. Those cited by the counsel for the plaintiff, holding in cases somewhat analogous to this, that the payment of interest did not extend the time of payment of the note, (*Freeman's Bank* v. *Rollins*, 13 *Maine Rep.* 307. *Crosby* v. *White*, 23 *id.* 162. *Oxford Bank* v. *Lewis*, 8 *Pick.* 458. *Blackstone Bank* v. *Hill*, 10 *id.* 129. *Agricultural Bank* v. *Bishop*, 6 *Gray*, 317. 34 *Maine Rep.* 547; and 4 *Hurlston & Norman*, 861.) While those cited by the counsel for the defendant hold that the receipt of interest in advance upon a note from the maker, for a definite period, if the right to sue is not expressly reserved, suspends the right of action for that time, and discharges the surety : (10 *New Hamp. Rep.* 318 ; 11 *id.* 335 ; 15 *id. id.* 110 ; 1 *B. Monroe*, 325 ; 1 *Young & Collyer*, 420–23 ; *Burge on Suretyship*, 206.)

The real question is, what was the intention of Thompson when he paid the interest, on the 24th· of August, in behalf of the makers ? and what was the intent of the cashier when he received the interest, and indorsed it on the note ? and how did they understand the intentions of each other ?

The cashier and Thompson both testify that there was no express agreement to wait ; but can any one doubt that Thompson, when he applied to the cashier to pay the interest, desired to have the time of payment extended for six months ? or that the cashier understood *that* to be his object ?· or that Thompson would not have paid the·interest for six months, except upon the understanding that the plaintiff was to wait for that time for the payment of the principal ? I am clearly of the opinion that such was his desire, and that the cashier must have so understood him. If so, he was called upon to speak, if he did not mean to assent to the known desire of Thompson. He should have declined to receive the interest at all, or have informed Thompson that he should reserve the right to collect the

Wakefield Bank *v.* Truesdell.

note at any time. He however took the money and indorsed it *as interest* on the note; not as principal, nor generally, but as interest up to the 26th of February, 1856. And is it not clear that he intended to wait till that time for the principal; that he meant to have Thompson understand that he would so wait; and that Thompson did so understand him? It seems to me there can be no doubt that they so understood each other; and if so, it has all the binding force of an express agreement to wait. Neither of them would, upon any other supposition, have acted as they did. And the bank and makers permitted the note to run during the six months, without payment, or attempt to collect it.

But it is claimed that the cashier had no authority to receive the interest and to contract to extend the time of payment. I do not consider the question entitled to a discussion. The cashier is the financial officer of the bank, and his agreements in behalf of his principal, in all matters relating to its business of discounting and banking, are binding upon it, to the same extent as if made by a resolution of the board of directors.

The judgment should be affirmed.

[ONONDAGA GENERAL TERM, June 28, 1864. *Morgan, Bacon* and *Foster,* Justices.]