[No. 2600.  Decided November 26, 1897.]

BANK OF BRITISH COLUMBIA, *Appellant*, v. RICHARD JEFFS, *Respondent*.

PROMISSORY NOTES — PAYMENT OF INTEREST IN ADVANCE — IMPLIED CONTRACT OF EXTENSION.

Where a creditor, without inadvertence or mistake, receives a payment of interest in advance on the note of a debtor, and does not expressly reserve the right to sue before the expiration of the period for which interest is taken, there is a contract created to extend the time of payment during the period for which the interest is paid.

The contract of forbearance to sue implied by law from the payment and acceptance of interest in advance is not overcome

by the facts that it had been the custom of the debtor to pay interest from month to month, payments being made sometimes in advance and sometimes after the expiration of the month; and that at the time of the advance payment in controversy there had been neither a request for an extension by the debtor nor an express reservation by the creditor of a right to sue.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*Burke, Shepard & McGilvra (Herbert B. Huntley,* of counsel), for appellant:

The following cases hold that payment of interest in advance upon an overdue note is not by itself sufficient evidence of an agreement for an extension of the time of payment of a note: *Haydenville Savings Bank v. Parsons,* 138 Mass. 53; *Oxford Bank v. Lewis,* 8 Pick. 457; *Central Bank v. Willard,* 17 Pick. 150 (28 Am. Dec. 284); *Agricultural Bank v. Bishop,* 6 Gray, 317; *First National Bank v. Leavitt,* 65 Mo. 562; *Uniontown Bank v. Mackey,* 140 U. S. 220; *Hosea v. Rowley,* 57 Mo. 357; *Citizens' Bank v. Moorman,* 38 Mo. App. 484; *First National Bank v. Gardner,* 57 Mo. App. 268; *American National Bank v. Love,* 62 Mo. App. 378; *Freeman's Bank v. Rollins,* 13 Me. 202; *Strafford Bank v. Crosby,* 8 Greenl. 191; *Crosby v. Wyatt,* 23 Me. 157.

The following authorities are to the effect that payment of interest in advance is only *prima facie* evidence of an agreement to extend the time of payment, and that such evidence may be rebutted: *Maddox v. Lewis,* 34 S. W. 647; *McGlassen v. Tyrrell,* 44 Pac. 1088; *Crosby v. Wyatt,* 10 N. H. 320; 2 Brandt, Suretyship, §352.

*Thomas B. Hardin,* and *Pierre P. Ferry,* for respondent.

The opinion of the court was delivered by

GORDON, J.—This is a second appeal. The case is fully stated in 15 Wash. 230 (46 Pac. 247). The present appeal is from an order, made on motion of the defendant at the close of the trial, discharging the jury and directing judgment for the defendant. The law of the case was stated on the former appeal as follows:

" Where a creditor, without inadvertence or mistake, receives a payment of interest in advance on the note of a debtor, and does not expressly reserve the right to sue before the expiration of the period for which interest is taken, there is a contract created to extend the time of payment during the period for which the interest is paid."

We think the question involved in this appeal falls within the rule above announced.

The testimony on the part of appellant at the trial tended to show that at the time interest was received upon the note in suit there was no request made for an extension, that there was no conversation upon the subject, that it had been the custom of the defendant Alvord to pay interest upon the note from month to month, that in some instances payment of such interest was not made until a day or more after the end of the month, and that such interest payments were always made by check upon appellant's bank, in which Alvord had a personal account. Sometimes checks for such payments were mailed to the bank, and at other times presented at the counter.

On May 24, 1893, Alvord made his check in favor of the bank for $86.70, the check containing upon its face this indorsement: "On account of interest for the month of May, 1893." On the same day it was received, stamped "Paid," the amount charged to the account of Alvord, and the note indorsed: "Interest paid to May 31st, 1893." Whether this particular check was presented at the coun-

ter of the bank or received in the course of mail does not appear from the evidence. None of the witnesses for the bank had any personal recollection on the subject. The only question, therefore, for our consideration is whether the contract for extension, which the law implied from the fact that interest in advance was paid and received, was overcome by the proof already referred to. It is appellant's contention that the payment of interest in advance created at most a mere presumption, and was in itself merely *prima facie* evidence of an agreement to extend, which is overcome in the present case by the proof of the silence of the parties, the absence of any request for extension and the course of dealing between the parties. With this contention we are unable to agree.

It is not made to appear in any way by the evidence in this cause that the interest was received by the bank through any mistake. The check upon its face stated the purpose for which the money was to be applied, viz., for interest for the month of May; nor is the purpose for which the bank received the payment left uncertain by the proof. It is not reasonable to suppose that the maker thought he could be sued upon the note during the period for which his interest was paid in advance. Nor is it to be supposed that the bank considered that it might maintain an action until the expiration of the period for which it had received the interest.

In *Crosby v. Wyatt*, 10 N. H. 318, the court say:

"Where an individual pays interest upon a note in advance, he does so for the purpose of procuring delay; and it is believed that it is generally understood between the parties, *unless there is some express reservation*, that the creditor has no right to call for the principal, until the expiration of the time. . . . The payment of the interest is the consideration of such an agreement, *implied from the transaction itself, if not distinctly expressed*. The sum

received is a payment, not of a part of the principal, or generally, but, specially, of interest, for a certain period. And why is this payment made? Clearly to obtain the delay, and for nothing else. *The very idea of a payment of interest in advance presupposes that delay of payment of the principal is to be given for the time.* The interest thus paid is not expected to be applied afterwards to the principal, or paid back on any contingency, unless there is some agreement of the parties to that effect. Nor are we aware of any principle upon which the maker, after such a payment of interest in advance, could, before the expiration of the time, on offering to pay the balance, require the creditor to apply any portion of the interest so paid, in discharge of the principal. . . .

" The general rule, of course, does not apply where, on the payment of interest in advance, *liberty to sue is reserved*."

Upon similar facts in *Wakefield Bank v. Truesdell*, 55 Barb. 604, Justice FOSTER, speaking for the supreme court of New York, says:

" He [the cashier of the bank] should have declined to receive the interest at all, or have informed Thompson that he should reserve the right to collect the note at any time. He, however, took the money and indorsed it *as interest* on the note; not as principal, nor generally, but as interest up to the 26th of February, 1856. And is it not clear that he intended to wait till that time for the principal?"

In *Woodburn v. Carter*, 50 Ind. 376, it is said:

" The inference is irresistible that where a creditor receives a payment of interest in advance on his note from the debtor, there is a contract to extend the time of payment during the period for which the interest is paid."

The case of *Preston v. Henning*, 69 Ky. 557, presents facts very similar to those in the present case. In that case the holder of the note, in receiving the interest, gave a receipt for it as general payment. The court say:

" Although it appears from the testimony of Speed *that he did not intend in accepting it* to release the appellant, and that he gave the credit and receipt for it as a general payment, under the advice of his counsel, *in order that the transaction might not have that* legal effect, he, in fact, received the money as interest paid in advance;  .  .  .

" While, therefore, it appears that *the appellees did not intend* that their receipt of the three hundred dollars, nor any of the other payments, *should have the legal effect of releasing the appellant,* we can not resist the conclusion that all the payments made were of interest in advance;  and it is equally clear that these payments were made by John Preston in consideration of forbearance which, if not expressly promised, *it was understood by him would be given.* .  .  . The prepayments of interest being made as the price of indulgence, and received by the appellees with knowledge of that fact, and without notice to the payer that *the forbearance thus paid for would not be given,* they were bound by an implied promise to forbear to sue until the expiration of the time for which the interest was paid."

In *People's Bank v. Pearsons,* the supreme court of Vermont (30 Vt. 711) say:

" To the question, Why was this interest paid in advance? there can be but one reply.  It was to obtain the delay, and for nothing else, and the payment of interest in advance necessarily presupposes that a delay of payment of the principal for the time is to be given."

In *Hamilton v. Winterrowd,* 43 Ind. 393, it is said:

" The payment of interest in advance by a debtor to the creditor, the latter receiving it as such, implies an agreement for forbearance during the time for which such interest is paid, *unless there is some agreement or understanding to the contrary.*"

In the present case no part of the sum paid was intended to be applied on the principal—no part of it was so applied —it was accepted by the appellant as interest to a future date, so indorsed on the note, and there is not a word or line

of testimony indicating that the right to sue or otherwise enforce payment prior to the expiration of the time for which interest had been received was reserved by the bank. The present case may be, and, we think, is, an extreme one. The prepayment was for a period of six days only, but that can make no difference; it rests on principle, and the result is the same, whether the extension is for a day or a year. It was argued by the very able and distinguished counsel for appellant, both at the bar and in the brief, that the receipt of the interest was merely *prima facie* evidence of a contract to extend, which may be overcome by the circumstances surrounding the cause. But to hold that the mere silence of the parties, the absence of any request to extend, and the like, are circumstances which overthrow the presumption, would be equivalent to holding that the *prima facie* case must fail unless proof is made of an express agreement to extend.

The judgment appealed from will be affirmed.

SCOTT, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.