Antonia Gorra, Defendant in Error, v. Marie L. Sobra, Plaintiff in Error.

### Gen. No. 14,629.

1. Res Judicata—*effect of justice's judgment.* A judgment rendered by a justice of the peace is conclusive of all defenses that were made or which might have been made before such justice.

2. Municipal Court—*status of.* The Municipal Court is a court of record and is not a "court of like jurisdiction" to a justice of the peace, as such phrase is employed in the statute which forbids action upon a justice's judgment to be brought in a court "of like jurisdiction" until after the expiration of seven years.

Error to the Municipal Court of Chicago; the Hon. McKenzie Cleland, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed November 8, 1909.

Statement by the Court. The facts which are undisputed were found by the Municipal Court as follows:

"The court finds from the evidence that on the 21st day of November, 1896, Antonia Gorra recovered a

judgment for the sum of $87 and costs of suit against the defendant Marie L. Sobra, in the justice court of Waldemar Bauer, then a justice of the peace in and for Cook county, Illinois; that on the 1st day of October, 1903, the said Antonia Gorra assigned said judgment recovered before said Waldemar Bauer, against the said defendant, Marie L. Sobra, to Ulrich Daniels; that on the 8th day of October, 1903, the said Ulrich Daniels in the name of said Antonia Gorra commenced a suit on said judgment, rendered by said Waldemar Bauer in the justice court of Q. J. Chott, then a justice of the peace in and for Cook county, Illinois, and on the 27th day of October, 1903, in said suit against the said defendant and in favor of said plaintiff, recovered a judgment before said Justice Chott for the sum of one hundred and twenty-two dollars and 90|100ths and costs of suit; that on October 2, 1907, the said Ulrich Daniels assigned said judgment recovered before said Q. J. Chott on the 27th day of October, 1903 (which was a renewal of the said judgment rendered by the said Waldemar Bauer on November 21, 1896), to Isadore Wolfsohn. This suit is brought on the judgment rendered by said Q. J. Chott for the sum of one hundred twenty-two dollars and ninety cents and costs of suit on said 27th day of October, 1903, against the defendant in this case.''

EMIL A. MEYER, for plaintiff in error.

WOLFSOHN & WALLBRUNN, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is sought to reverse the judgment of the Municipal Court upon the alleged ground that it does not affirmatively appear that said Justice Chott had jurisdiction over the parties and the subject-matter, that

said judgment is void for want of such jurisdiction and may be collaterally impeached. The statute provides (sec. 16, par. 133, chap. 79 R. S.) that suit may be brought upon a judgment of a justice of the peace within ten years after its rendition and not afterwards; "Provided however that no such suit shall be brought upon said judgment in a court of like jurisdiction within the same county where such judgment may be rendered until the expiration of seven years next after its rendition." It is urged that by force of this statute Justice Chott had no jurisdiction to enter judgment in a suit brought upon a judgment of Justice Bauer less than seven years after the latter judgment was entered. It seems to be the contention of defendant in error that the statute in question is a statute of limitation and should have been pleaded before Justice Chott, and that as it does not affirmatively appear to have been so pleaded, such defense was waived. No written pleadings, however, are required in a suit before a justice. The defense may have been made before the justice and the question decided by him, or it may not. But he had jurisdiction to decide it, and if he decided wrongfully the defendant in the suit had the right of appeal. Not having so far as appears exercised such right, the judgment became conclusive as to all defenses that were made or might have been made before the justice.

The contention is further made that the Municipal Court is "a court of like jurisdiction" with a justice of the peace, and therefore that the statute referred to applies to the Municipal Court before which the present suit was brought within less than seven years after the judgment by Justice Chott was rendered. This contention is untenable. The Municipal Court is a court of record and its jurisdiction as defined by statute is far from making it a "court of like jurisdiction" with a justice court. This is too plain for argument.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*