## ARDMORE STATE BANK v. LEE.

No. 6668—Opinion Filed July 11, 1916.

Rehearing Denied Oct. 31, 1916.

(159 Pac. 903.)

1. Usury—Actions — Limitations—"Usurious Contract."

Section 1005, Rev. Laws 1910, provides that an action to recover usurious interest shall be brought within two years after the maturity of the usurious contract. In case usurious interest is exacted upon a loan evidenced by a note, the note itself constitutes the "usurious contract," and the time in which suits can be instituted for usurious interest dates from the maturity of the note.

2. Same.

Where a note, bearing a usurious rate of interest, matures and becomes due and payable on a certain date, but the holder of the note, for a valuable consideration, agrees to extend the time of payment, the statute of limitation does not begin to run as specified in section 1005, Rev. Laws 1910, until the expiration of said extension.

3. Bills and Notes—Maturity—Extension.

Where a creditor, without inadvertence or mistake, receives a payment of interest in advance on the note of a debtor, and does not expressly reserve the right to sue before the expiration of the period for which interest is taken, there is a contract created to extend the time of payment during the period for which the interest is paid.

4. Usury—Recovery—Demand.

The second proviso in section 1005, Rev. Laws 1910, is to the effect that before a suit can be brought to recover usurious interest, the party bringing such suit must make written demand for a return of the same. When a party makes a written demand for a sum greater than is due, it then becomes the duty of the party upon whom demand is made to return the actual amount that is due. The notice is not defective merely because a greater sum was demanded than was due.

(Syllabus by Mathews, C.)

Error from County Court; Carter County; W. F. Freeman, Judge.

Action by Albert J. Lee against the Ardmore State Bank. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Johnson & McGill, for plaintiff in error.

Fred C. Ryburn and Kelly Brown, for defendant in error.

Opinion by MATHEWS, C. The parties will be designated as in the trial court. This was an action to recover usury paid defendant for a loan, evidenced by a note. On the 18th day of June, 1909, the defendant loaned the plaintiff the sum of $500 upon a note due in 90 days, bearing interest at the rate of 10 per cent. per annum after maturity. This note shows the following notations on its back:

"Jan. 11th, 1910, Int. paid to 2—1—10.
June 22nd, 1910, Int. paid to 7—1—10.
July 20, 1910, Int. paid to 8—1—10.
1—7 Int. paid to 3—1, 1911."

The note was paid on the 30th day of January, 1911. On the 23rd day of December, 1912, plaintiff filed this action, wherein he alleged that he had paid the sum of $184 interest upon said $500 note, which was at a usurious rate, and prayed for judgment for the sum of $368, being twice the interest alleged to have been paid. Defendant demurred to the petition, which was overruled, and then answered by general denial, and also pleaded the statute of limitation in bar of said action. The cause was tried to a jury, which returned a verdict in favor of plaintiff for $156. The motion of defendant for a new trial having been overruled, this appeal followed, and the first proposition presented here is:

"Defendant in error's cause of action was

barred by the statute of limitation, and his pleading so shows on its face."

Section 1005, Rev. Laws 1910, being the usury statute of the state, reads as follows:

"1005. The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section shall be deemed a forfeiture of twice the amount of interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case a greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover from the person, firm or corporation taking or receiving same, in an action in the nature of an action of debt, twice the amount of the interest so paid: Provided, such action shall be brought within two years after the maturity of such usurious contract; provided, further, that before any suit can be brought to recover such usurious interest, the party bringing such suit must make written demand for return of such usury."

It will be noted that the above statute requires suits to recover usurious interest to be brought "within two years after the maturity of such usurious contract." In the case at bar the note was made payable in 90 days after date, which was September 16, 1909. On January 11, 1910, the plaintiff made a payment to cover the interest, and there was indorsed on the back of the note a statement that the interest was paid to February 1, 1910. On June 22, 1910, there was indorsed the statement that the interest was paid to July 1, 1910. On July 20, 1910, there was indorsed the statement that the interest was paid to August 1, 1910. On the 7th day of January, 1911, there was indorsed the statement that the interest was paid to March 1, 1911. On the 30th day of January, 1911, the note was paid in full.

Defendant's plea of limitation hinges upon when the contract matured. It is defendant's contention that either the $500 note was the usurious contract, and that it matured on September 17, 1909, or else each payment of interest constituted a separate and distinct usurious contract, and in that case the statute of limitation began to run against each payment on the date of that particular payment. It is plaintiff's contention that the reception of the interest at various times by the defendant and the indorsing on the note the fact that the interest had been paid to some stated date in the future had the effect, per se, nothing else appearing, of extending the note, and that the usurious contract did not mature until the final payment of the note, on January 30, 1911, and that the statute of limitation began to run from and after that date.

The question here presented is not without difficulty, and no cases directly in point have been brought to our attention, nor have we been able to discover any ourselves. So far as our investigation has led us, the statute of no other state is worded like ours in regard to the limitation proviso. Our usury statute, in the main, follows the federal statute but the limitation in the federal statute is "two years from the time the usurious transaction occurred," and is therefore radically different from ours on that point. In the case of Lynch v. Bank, 22 W. Va. 554, 46 Am. Rep. 520, it was held that an action for the recovery of the penalty prescribed by section 5198 of the federal statute (U. S. Comp. St. 1913, sec. 9759), being the federal usury statute, must be commenced within two years from the time the usurious transaction occurred, and that each separate payment of interest constituted a "transaction" within the meaning of said section, and the prescribed limitation commences to run from the time of each interest payment, although the note itself remains unpaid. The limitation clause of our statute being so dissimilar to the federal statute, the construction placed on the federal statute can be of no assistance in construing our statute. However, upon another phase of the case, under the federal statute, in case of a series of renewal notes given for the continuance of the same original loan, a taint of usury in the first transaction follows down through all later transactions, limiting the recovery to the face value of the note, less all items of interest included therein during any stage of the transaction if the forfeiture clause is relied on. Brown v. National Bank, 169 U. S. 416, 18 Sup. Ct. 390, 42 L. Ed 801; Farmers', etc., Bank v. Hoagland (C. C.) 7 Fed. 159. In the case of Walley v. Deseret National Bank, 14 Utah, 305, 47 Pac. 147, it is said:

"The decided weight of authority and, it seems, the better reason, is that the payment of interest in advance on a debt by the principal to the creditor is of itself, without more sufficient prima facie evidence of an agreement to extend the time of payment for the period for which the interest is paid. The payment in advance presupposes that delay of the payment of the principal is to be given for that time. The consideration for an agreement for delay in payment is implied from the transaction, if not sufficiently expressed."

We find the following in the case of Skelly v. Bristol Savings Bank, 63 Conn. 83, 26 Atl. 474, 19 L. R. A. 599, 38 Am. St. Rep. 340:

"The taking of interest in advance on a note is, in the absence of any contrary agreement, prima facie evidence of an agreement

*to* forbear collecting the note during the period for which interest is paid."

To the same effect is the case of Bank of British Columbia v. Jeffs, 18 Wash. 135, 51 Pac. 348, 63 Am. St. Rep. 875:

"Where a creditor, without inadvertence or mistake, receives a payment of interest in advance on the note of a debtor, and does not expressly reserve the right to sue before the expiration of the period for which interest is taken, there is a contract created to extend the time of payment during the period for which the interest is paid."

We take this excerpt from Hubbard v. Ogden, 22 Kan. 363:

"When a debtor owing money pays his creditor interest on the same in advance, for the use of the same for a period of time over, above, and beyond the time originally agreed upon for the money to become due, and at the time of the payment of the interest no express contract is made as to when the money shall become due or be paid, such prepayment of the interest, and its reception by the creditor, constitute an implied contract between the parties, extending the time for the payment of the money up to the close of the time for which such interest was paid and received." Daniel on Negotiable Instruments, sec. 1317 (6th Ed.); 3 R. L. C., sec. 437; English v. Landon. 181 Ill. 614, 54 N. E. 911.

"Maturity," when applied to commercial paper, means the time when the paper becomes due and demandable; that is, the time when an action can be maintained thereon to enforce payment. Gilbert v. Sprague, 88 Ill. App. 508.

It is evident that the "contract" mentioned in our usury statute in the limitation proviso has reference to the note. Had it been the intention that the limitation should begin to run from the time the usurious interest was actually paid, suitable and definite language could have been used to convey that intent. In fact, many states have statutes to that effect, as is the case with the federal statute, and it is reasonable to suppose that our Legislature, in adopting the very wording of the federal statute in the main, saw fit to depart so radically from the wording thereof in the limitation clause certainly indicates that it was their intention that the time for instituting suits for usury forfeitures should begin to run from some occurrence other than the payment of the interest. Now the defendant contends that the note matured within 90 days from the date it was made. In a sense, that is correct, and the limitation would have started from that time if the defendant had not agreed to its extension by accepting interest payments in advance, which undoubtedly extended the time

of its maturity. In the case of Adams v. Ferguson, 44 Okla. 544, 147 Pac. 772, it has been held that an agreement even to pay the interest to a certain stated time in the future is a sufficient consideration to support a contract for an extension. That being true, then the actual payment of the interest in advance makes out a much stronger case and the case at bar goes even further than that, and shows the purpose for which the several payments were made and the date to which the note was extended. We, therefore, hold that the time in which the action began to run dated from the payment of the note. If the note had not been paid before its maturity, the limitation would have set in from the date of the expiration of the last extension.

Defendant's next contention is stated in its brief as follows:

"The defendant in error did not comply with the conditions precedent to his right to maintain his action, in that he failed to make the demand for the return of the usury as required by law, and his evidence fails to establish a cause of action."

On December 10, 1912, the plaintiff served defendant with a written demand for the return of the usurious interest claimed to have been paid by him in the sum of $184. The defendant urges that this notice was insufficient, for the reason that the evidence did not show, at the most, more than $148 in interest to have been paid on the note. We think the point raised too technical. If the defendant demanded more than he was entitled to, it was notice that he was claiming a return of the usury paid, and it was incumbent upon the plaintiff, upon receipt of the notice, to return the correct amount, in order to purge the transaction.

The evidence in the case, while conflicting, amply supports the verdict, and we recommend that it be affirmed.

By the Court: It is so ordered.