445

[No. 32294.   Department Two.   April 15, 1953.]

MILDRED EDLIN, *Appellant*, v. RAYMOND EDLIN, *Respondent*.[1]

*Frederick Paul*, for appellant.

*Jeffrey Heiman*, for respondent.

SCHWELLENBACH, J.—This is an appeal from a judgment sustaining defendant's challenge to the evidence and dismissing plaintiff's first cause of action with prejudice. There is no appeal as to plaintiff's second cause of action.

Plaintiff's complaint alleged the entry of a judgment, February 20, 1941, in the state of Missouri, in her favor and

[1]Reported in 256 P. (2d) 283.

against defendant Raymond Edlin, requiring him to pay her fifty dollars per month as alimony, and to pay her fifty dollars per month for the support of their minor child, Sarah Sue, who was then two years of age; that defendant had failed and refused to pay said monthly payments, except the sum of $1,905, and that there was due and owing the sum of $10,695, together with interest thereon at the rate of six per cent per annum. For a second cause of action, plaintiff alleged that, on December 28, 1950, defendant Raymond Edlin conveyed his interest in certain described real property, without consideration, to defendant Thelma Edlin, his then wife. (He has since divorced Thelma and remarried.) Defendant Raymond Edlin denied the allegations of plaintiff's complaint and, by way of affirmative defense, alleged that the statute of limitations had run against the alleged judgment.

At the outset of the trial, the plaintiff offered in evidence plaintiff's exhibit 1, which offer was refused. We feel it necessary to quote this exhibit in full:

"STATE OF MISSOURI, ⎱ ss.
CITY OF ST. LOUIS ⎰

I, HENRY L. BERGER, Clerk of the Circuit Court, City of St. Louis (the same being a Court of Record in and for said City and State), certify the annexed to be a full, true and complete copy of the decree of divorce granted Thursday, February 20th, 1941, in cause No. 45745, Series "C" of the causes of this Court wherein Mildred Edlin is plaintiff and Raymond Edlin is defendant, as fully as the same remains of record and on file in my office.

IN TESTIMONY WHEREOF, I hereto set my hand and affix the seal of said Court, at office, in the City of St. Louis, this 2nd day of May (SEAL) nineteen hundred and fifty.
.................................[signed] HENRY L. BERGER, Clerk.

"STATE OF MISSOURI, ⎱ ss.
CITY OF ST. LOUIS ⎰

I,—MICHAEL J. SCOTT—Presiding Judge of the Circuit Court of the Eighth Judicial Circuit of the State of Missouri (which Circuit is composed of the City aforesaid), certify that HENRY L. BERGER, whose signature appears to the foregoing certificate, is, and was, at the time of signing the

same, Clerk of the Circuit Court, City of St. Louis (the same being a Court of Record in and for said City and State), and that the said attestation is in due form, and by the proper officer.

Given under my hand this—2nd—day of—May, 1950.

[signed]    MICHAEL J. SCOTT

Presiding Judge of the Circuit Court of the Eighth Judicial Circuit of the State of Missouri

"STATE OF MISSOURI, ⎫
CITY OF ST. LOUIS ⎭ ss.

I, HENRY L. BERGER, Clerk of the Circuit Court, City of St. Louis, (the same being a Court of Record in and for said City and State), certify that—Michael J. Scott—is Presiding Judge of the Circuit Court of the Eighth Judicial Circuit of the State of Missouri, duly commissioned and qualified.

IN TESTIMONY WHEREOF, I hereto set my hand and affix the seal of said Court, at office, in the
(SEAL)    City of St. Louis, this—2nd—day of—May,—nineteen hundred and fifty.—

[signed] HENRY L. BERGER, *Clerk.*

"STATE OF MISSOURI, ⎫
CITY OF ST. LOUIS ⎭ ss.-

IN THE CIRCUIT COURT, CITY OF ST. LOUIS
FEBRUARY TERM, 1950.

Thursday, February 20th, 1941.

Mildred Edlin, ⎫

-vs-45745-C ⎬

Raymond Edlin. ⎭

Now at this day this cause coming on for hearing, comes the plaintiff in person and by attorney, but the defendant, although having filed an answer herein on the 11th day of February, 1941, and being now duly called, comes not, but is represented in Court by attorney only; thereupon this cause is submitted to the Court, upon the pleadings and proof, and the Court after hearing the evidence herein, and being satisfied that the plaintiff is an innocent and injured party, and entitled to the relief prayed for in her petition, doth order, adjudge and decree that she be absolutely and forever divorced from the bonds of matrimony existing between her and the defendant, and that she be restored to all the rights and privileges of an unmarried person, and that she have the care, custody and control of Sarah Sue,

two years of age, the minor child of the parties, mentioned in the petition, until the further order of the Court.

It is further ordered, adjudged and decreed by the Court that the plaintiff have and recover of the defendant, as and for her alimony, the sum of $50.00 per month, until the further order of the Court, payable on the 20th day of each month, the first payment to be made and to become due and payable forthwith.

It is further ordered, adjudged and decreed by the Court that the plaintiff also have and recover of the defendant, as and for the support and maintenance of said minor child, the sum of $50.00 per month, until the further order of the Court, payable on the 20th day of each month, the first payment to be made and to become due and payable forthwith.

It is further ordered by the Court, that the costs of this proceeding be paid by the defendant, and in default of the payment of said costs, or any of the installments, awarded as aforesaid, as and for alimony, and as and for the support and maintenance of said minor child, as and when the same become due and payable, execution issue therefor."

Attached to the certificates of the presiding judge and the clerk is the seal of the circuit court, city of St. Louis, Missouri.

In refusing to admit the exhibit, the trial court stated that the purported judgment did not bear the signature of any judge of any court; that it was a mere blank sheet of paper. The court also said:

"This is a transcript of the judgment entry here supposed to be in and of itself a judgment entry. Just suppose you would have attached hereto a page of the Saturday Evening Post, or this mornings P. I.; am I to say that simply because we have these certificates on this as to some matter, that this is a certified copy or exemplified copy, or authenticated copy of which is supposed to be a judgment. Whenever these actions are brought up on a foreign judgment, I never in my life, in all the years I have been on the bench, seen anything other than an exemplified certified copy of the judgment itself upon which the action of the suit itself is brought."

Art. IV, § 1 of the United States constitution provides:

"Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the congress may by general laws prescribe

the manner in which such acts, records and proceedings shall be proved, and the effect thereof."

Title 28, § 1738, U. S. C. A., provides that the records and judicial proceedings of any court of any state shall be admitted in other courts by the attestation of the clerk and the seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the attestation is in proper form.

*Allard v. La Plain,* 147 Wash. 497, 266 Pac. 688, was an action seeking recovery upon a judgment rendered in plaintiff's favor by the supreme judicial court of the state of Maine, for Sagadahoc county. An authenticated copy of the proceedings in the Maine court was offered and admitted in evidence. It did not contain any judgment signed by the court. It did, however, contain the following:

" 'It is therefore considered and ordered by the Court that the said Plaintiff recover judgment against the said defendant for the sum of ten thousand five hundred twenty-three dollars and sixty-two cents, damage, and two hundred twenty-seven dollars and twenty-eight cents, costs of suit.' "

Upon appeal, contention was made that the original record did not contain the signature of the judge. We disposed of that contention in the following language:

"Further contention is made that this purported record of the Maine court fails to show any due authentication in the original making thereof, in that it fails to show the original record thereof as having been in any manner authenticated by the signature of the presiding judge of that court. The argument is that the signature of the clerk alone to the original record does not constitute an effective authentication thereof as a record of the judgment and its recital. Counsel for appellant seem to proceed upon the theory that we must assume the Maine law of procedure to be the same as our own, and that therefore a judgment of a Maine court must be authenticated by the signature of the presiding judge, as required by our procedure statute, Rem. Comp. Stat., § 431 [P. C. § 8081]. It seems plain to us that such a presumption, assuming for argument's sake it should prevail as to mere procedure law under some circumstances, can have no application here, for this purported record of the judgment of the Maine court is certified by its clerk as being 'a true and correct transcript of the record

and judgment . . . as the same appears on file and of record in my office;' and the presiding judge of that court further certifies 'that the above certificate of attestation is in due form according to the laws of the state of Maine and is entitled to full faith and credit;' which certificates of the clerk and judge, as already noticed, are strictly in compliance with § 687, Title 28, U. S. Code, enacted by Congress to facilitate the operation of the full faith and credit clause of the Federal constitution. So these certificates, it seems plain to us, mean that the original record of the judgment rendered by the Maine court and its recitals are in due form as evidencing the rendering of the judgment according to the laws of that state."

It should be noted in the present case that the clerk certifies "the annexed to be a full, true and complete copy of the decree of divorce granted Thursday, February 20th, 1941," etc. Having in mind the full faith and credit clause of the Federal constitution, we do not believe that a court of this state can question the certificate of a clerk of the court of a sister state, properly authenticated, containing the recital hereinabove quoted. It was error for the trial court to deny admission of plaintiff's exhibit 1.

It was also error to refuse to admit in evidence plaintiff's exhibit 3, which was an authenticated copy of a revival of judgment, dated February 14, 1952. We express no opinion as to the effect to be given the "revival of judgment," in view of the affirmative defense of the statute of limitations.

No statutes or decisions of the state of Missouri were pleaded or proved. It is true that in *Miller v. Miller,* 90 Wash. 333, 156 Pac. 8, we indicated that, in order to give full faith and credit to a judgment of a sister state, we are required to notice judicially the pertinent statutes of that state. Nevertheless, it seems to us that, in a case such as this, involving a judgment providing for monthly payments, and where the statute of limitations is involved, and where the question might arise as to whether particular rights are substantive, and would thus be governed by the *lex loci,* or whether such rights are remedial, and would be governed by the *lex fori,* a trial judge should not be required, on his own motion, to ferret out the laws and decisions of a

sister state, but should have such matters properly presented to him, in order that he may make decisions thereon.

The judgment appealed from, sustaining defendant's challenge to the evidence and dismissing appellant's first cause of action against respondent with prejudice, is reversed and remanded for a new trial.

GRADY, C. J., HAMLEY, DONWORTH, and FINLEY, JJ., concur.