[No. 8267.  Department Two.  May 16, 1910.]

THOMAS PITT et al., Appellants, v. A. C. LITTLE, Respondent.[1]

EVIDENCE—PRESUMPTIONS—FOREIGN LAWS. In an action on a promissory note executed in a foreign country, it will be presumed, where nothing appears to the contrary, that the laws of that country were the same as our own.

BILLS AND NOTES—CONSIDERATION. The debt of a corporation and an extension of time for payment is sufficient consideration for the execution of the personal note of the president of the corporation.

BILLS AND NOTES—DEFENSES—COLLATERAL AGREEMENT—EVIDENCE —TO VARY WRITING. The maker of a promissory note upon sufficient consideration cannot, in the absence of fraud or mistake, set up any collateral agreement exempting him from liability.

ALTERATION OF INSTRUMENTS—MATERIALITY. Memoranda or notations upon a promissory note which did not change the date, sum payable, time of payment, parties, medium or place of payment, and which did not alter the note in any respect, do not constitute a material alteration avoiding payment.

[1]Reported in 108 Pac. 941.

BILLS AND NOTES—RELEASE—BY PAROL—"RENUNCIATION." Under Rem. & Bal. Code, § 3512, requiring the "renunciation" of rights against the maker of a promissory note to be in writing unless the note is delivered up, the maker cannot show an oral agreement to release him from liability when the note was not surrendered, as "renunciation" is used in the statute in the sense of "release."

Appeal from a judgment of the superior court for Pacific county, Rice, J., entered January 5, 1909, upon the verdict of a jury rendered in favor of the defendant, in an action on a promissory note. Reversed.

*H. W. B. Hewen,* for appellants.

*Welsh, Welsh & O'Phelan,* for respondent.

CROW, J.—This action was commenced by Thomas Pitt and A. H. Peterson, copartners as Pitt & Peterson, against A. C. Little, to recover an indebtedness claimed to be due on a promissory note executed and delivered by the defendant. The jury returned a verdict in favor of the defendant, and the plaintiffs have appealed from the final judgment entered thereon.

The appellants' controlling contention is that the trial court erred in refusing to direct a verdict and judgment in their favor. The original note read as follows:

"Due Oct. 1st-03. $206.39-100.

"Victoria, B. C., Febr. 1st 1903.

"Eight months after date I promise to pay to the order of Messrs. Pitt & Peterson, Duncan's Station Two Hundred & Six 39-100 dollars at interest 8 per cent per annum. Payable at the Canadian Bank of Commerce, Victoria, B. C. Value received.

"No.———— A. C. LITTLE.

"Given on act. of International M. & D. Co."

Although it appears upon the face of the note that it was executed in British Columbia, no contention or claim predicated upon British Columbia laws has been made. We will, therefore, consider the laws of this state only, it being presumed, in the absence of any pleading or evidence to the con-

trary, that foreign laws are the same. *Gunderson v. Gunderson,* 25 Wash. 459, 65 Pac. 791; *Daniel v. Gold Hill Min. Co.,* 28 Wash. 411, 68 Pac. 884.

The complaint is in usual form. The respondent, answering, admitted the execution and delivery of the note, but denied that he had promised to pay the appellants $206.39, or any other sum. For his first affirmative defense he, in substance, alleged that some time prior to February 1, 1903, the International Mining & Development Company, a corporation organized and existing under the laws of the state of Washington, was indebted to the appellants in the sum of $206.39; that on said date respondent, at their request, signed and delivered the note; that he himself was not indebted to them in any sum; that the note was without consideration; that he did not receive anything of value therefor, and that prior and subsequent to its execution the appellants agreed with him that they would not attempt to collect the note from him, but would look solely to the International Mining & Development Company for payment. For a further affirmative defense the respondent alleged:

"That after the execution of said note and sometime during the year 1903, the exact date being to defendant unknown, in the city of Victoria, British Columbia, the plaintiffs and each of them, for a valuable consideration, released defendant from all liability, on said promissory note, and informed the defendant that they would look to the International Mining & Development Co., solely and exclusively for the payment of said note. Which said release was oral and was made in consideration of the said defendant promising and agreeing with the plaintiffs to use his influence with and endeavor to persuade the International Mining & Development Co., and one T. J. Reinhart and other persons, whose names are at this time, unknown to defendant, and who were indebted to plaintiffs, to pay to plaintiffs their said indebtedness, and defendant alleges that thereafter and in compliance with said agreement, he did use his influence with and endeavor to persuade the said International Mining & Development Company and said T. J. Reinhart

and said other persons, to pay plaintiffs the amount of their said indebtedness, to plaintiffs."

The evidence fails to sustain respondent's contention that the note was without consideration. It appears that the International Mining & Development Company, of which the respondent was president, was indebted to the appellants in the sum of $206.39 for merchandise sold; that the appellants endeavored to collect the same; that respondent executed and delivered the note in consideration of such debt and an extension of time for payment, which appellants granted by accepting the note. The debt of the corporation and the extension of time constituted a sufficient consideration. A negotiable promissory note is not void for want of consideration, if given for the matured debt of a third party, the time of payment being thereby extended. Daniel, Negotiable Instruments (5th ed.), § 185; *Galena Nat. Bank v. Ripley,* 55 Wash. 615, 104 Pac. 807; *Mechanics & Farmers' Bank of Albany v. Wixson,* 42 N. Y. 438.

The respondent did not plead any fraudulent act on the part of the appellants by which he was wrongfully induced to execute the note, nor did he allege any mistake upon his own part. He not only admitted the execution of the note, but his own evidence shows that his acts were intentional and voluntary. In *Anderson v. Mitchell,* 51 Wash. 265, 98 Pac. 751, we said:

"It has been repeatedly held by this court that, in the absence of fraud or mistake, it is incompetent for one who signs a promissory note as principal to set up an independent collateral agreement limiting or exempting him from liability. He is bound by the terms of his obligation."

The respondent has failed to make any showing that the note was without consideration, and he cannot be permitted to predicate a defense on any alleged collateral agreement exempting him from liability.

Respondent's next contention was that the note had been

avoided by reason of material alterations appearing upon its face, made after its execution and without his knowledge or consent. The alleged alterations are immaterial memoranda or notations. They made no change in the date, the sum payable either principal or interest, the time of payment, the number or relation of the parties, or the medium or currency in which payment was to be made. Nor does any other alteration appear which added a place of payment where none was specified, or which altered the effect of the note in any respect. The note was not avoided by alteration. Rem. & Bal. Code, §§ 3514 and 3515.

By his last defense the respondent, in substance, contended that the appellants had released him from personal liability, and he introduced parol evidence to sustain this contention. Section 3512, Rem. & Bal. Code, being § 122 of the negotiable instruments act of 1899 (Laws 1899, p. 361), reads as follows:

"The holder may expressly renounce his rights against any party to the instrument, before, at, or after its maturity. An absolute and unconditional renunciation of his rights against the principal debtor made at or after the maturity of the instrument discharges the instrument. But a renunciation does not affect the rights of a holder in due course without notice. A renunciation must be in writing, unless the instrument is delivered up to the person primarily liable thereon."

In *Baldwin v. Daly*, 41 Wash. 416, 83 Pac. 724, construing this section of the statute, we said:

"This plainly provides that the renunciation of a debt must be in writing where the debt is evidenced by a negotiable instrument, and if 'renunciation' is used therein in the sense of 'release,' there can be no question that the appellant must show a written renunciation in order to prove the allegations of his answer. Counsel for the appellant argues that the word is used in a sense different from that of release, and that while a renunciation must be by a writing, a release may be proved by parol. But we cannot think the statute permits of this distinction. The words, 'The holder may expressly

renounce his rights against any party to the instrument,' must refer to the release and discharge of a party to the instrument from his obligation to pay it, else they can have no legitimate meaning."

There was no written evidence of any renunciation or release of their claim by the appellants, nor had the note been surrendered to respondent. Construing all of the evidence most favorably to the respondent, we find that he has failed to sustain any defense to the note, the execution and delivery of which he has admitted.

The trial court erred in denying appellants' motion for a directed verdict. The judgment is reversed, and the cause remanded with instructions to enter judgment in favor of the appellants.

RUDKIN, C. J., DUNBAR, PARKER, and MOUNT, JJ., concur.