[No. 13953.   Department One.   August 3, 1917.]

## W. H. COWEN, *Respondent*, v. JOHN H. CULP *et al.*, *Appellants*.[1]

JUDGMENT—IN ANOTHER STATE ON WARRANT OF ATTORNEY. Under the full faith and credit clause of the Federal constitution, judgments upon confession under warrant of attorney are valid here when rendered in strict conformity with the power and in the state where the debtor resided when the warrant was executed, and are not open to collateral attack.

SAME—ON WARRANT OF ATTORNEY—VALIDITY—PRESENT INDEBTEDNESS. A judgment upon confession under warrant of attorney is founded upon the fact of present indebtedness, and payment of the note before judgment would render the judgment void and subject to attack in any court.

BILLS AND NOTES—ACTIONS—DEFENSES—PAYMENT—SUFFICIENCY OF PLEADING. An allegation that defendants were sureties upon a note and that plaintiff agreed to collect the note from the maker and notify the sureties if it was not paid at maturity and that plaintiff failed to do so, and by reason thereof the note was paid, is not good as a plea of payment, the only plea of payment being a conclusion.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered February 24, 1916, upon findings in favor of the plaintiff, in an action to recover upon a foreign judgment, tried to the court. Affirmed.

*Crollard & Crollard* and *Frank Reeves*, for appellants.

*Ludington & Shiner*, for respondent.

MORRIS, J.—Respondent sues as the assignee of a judgment obtained in the state of Ohio upon a promissory note, which judgment was entered after the removal of appellants to this state, on a warrant of attorney contained in the note authorizing any attorney to appear in any court of record of the state of Ohio and, waiving process, confess judgment for the amount due upon the note. Appellants filed, among other pleadings, an amended answer in which, in so far as it is now

[1]Reported in 166 Pac. 789.

material, they admit the execution of the note by one Sowers as maker and themselves as sureties. They then alleged an agreement, entered into at the time of the execution of the note, whereby the payee agreed to exhaust all legal remedies to collect the note from the maker before calling upon the appellants as sureties. It was then alleged that the payee agreed to notify appellants if the note was not paid at maturity; that the payee failed to notify appellants at the maturity of the note that it was not paid, and continued in such failure until his death, some thirteen years thereafter. They then alleged that, by reason of the above agreement with the payee and the failure to receive notice of its nonpayment, the note was paid by the maker at its maturity. It is further alleged that, for some reason unknown to appellants, the note was not surrendered to the maker at the time of its payment and that respondent's assignor did not acquire the note in good faith, was not a holder in due course, and the action in the Ohio court was without right or authority in law.

At the trial, appellants asked leave to file a second amended answer in which they set forth the same agreements upon which they alleged payment as in the amended answer, with a further allegation that all the proceedings in the Ohio court were a fraud upon that court. Permission to file this second amended answer was denied, and such ruling is the first error assigned. During the trial, appellants offered to prove, "in conformity with the allegations of the answer," that the note had been paid, which offer was denied. Later on a second offer was made for the purpose, as stated by counsel, of attacking the jurisdiction of the Ohio court, in which appellants offered to prove, as in the first offer and in addition, that the assignor of respondent knew that the note was paid at maturity and procured the confession of judgment upon the warrant of attorney with such knowledge. This offer was also denied, and such ruling is the second error complained of.

In common with most courts, we have held that, under the full faith and credit clause of the Federal constitution, judgments rendered upon confession under warrant of attorney are valid here when rendered in strict conformity with the power and in the state where the debtor resided when the warrant was executed. *Miller v. Miller*, 90 Wash. 333, 156 Pac. 8. It is also the general rule that such judgments are not open to collateral attack for fraud. *Safe-Deposit & Trust Co. v. Wright*, 105 Fed. 155.

The warrant of attorney to confess judgment is founded upon the fact of a present indebtedness. If there be no present indebtedness, the warrant fails, and any judgment entered upon such a warrant after payment of the note would, under the authorities, be void and subject to attack in any court in any proceedings. 1 Black, Judgments, 88, 89; *First Nat. Bank of Danville v. Cunningham*, 48 Fed. 510; *Rea v. Forrest*, 88 Ill. 275. If, therefore, appellants could show payment of this note before the entry of the Ohio judgment, it would be a good defense to the action here upon that judgment. It does not seem to us, however, that there was either plea or offer of such proof. The amended answer contained no plea of payment as a fact. It merely recited an agreement to collect the note from the maker or to notify the appellants in case such collection was not made, and inasmuch as appellants had not been notified by the payee of the failure of the maker to pay the note when due, they believe the note was paid. The only plea of payment, if it can be called such, rested in the conclusion of the appellants that, inasmuch as appellants were not notified of the failure of the maker to pay, the note was paid.

Assuming that appellants would, if permitted, have testified to all the facts they alleged in this answer as to the agreement alleged with the payee, it is questionable whether or not such testimony would have been received under § 1211, Rem. Code, since respondent held the note for collection only, under an assignment from the administrator of the estate of

the payee. See, also, *Pitt v. Little*, 58 Wash. 355, 108 Pac. 941, as to the admissibility of collateral agreements exempting from liability. It is not, however, necessary to decide this query now. Such testimony, if admissible, would not have established the payment of the note. Payment as an affirmative defense must be proven as any other affirmative defense, and proof of the agreement alleged and the failure to receive notice would be received by no court as proof of payment. Appellants' offer to prove payment was no broader than their plea. The offer is "in conformity with the allegations of the answer." That is, they would offer proof, if permitted, of the agreement with the payee and the failure to receive notice, from which testimony the court would be asked to base a finding of payment. The second amended answer, while somewhat larger in its scope, was no broader upon the plea of payment than the amended answer.

For the purpose of attacking the jurisdiction of the Ohio court, it contained further allegations of knowledge of the fact upon the part of the judgment creditor in the procurement of the confession. Such knowledge would be an undoubted good defense under the authorities if it could be established by competent evidence, but one that would not be proven by evidence of the agreement and failure to receive notice. We therefore conclude that appellants were in no wise prejudiced by the refusal of the court to permit the filing of the second amended answer nor in the denial of the offers of proof.

Judgment is affirmed.

ELLIS, C. J., MOUNT, MAIN, and CHADWICK, JJ., concur.