Holcomb, J.
 

 This action was brought by respondent against appellant to recover upon a judgment in favor of respondent obtained in Hlinois.
 

 The judgment is as follows:
 

 “Feb. 18, 1922. And now on this day being one of the judicial days of the December term 1921 of the county court of Fayette county the said plaintiff by Walter F. Boye, his attorney, comes in open court and files herein his declaration in a plea of trespass on the case upon promises together with an affidavit of the mailing of notice to the defendant name attached which notice is admitted in evidence and which notice recites that a judgment was to be confessed by the plaintiff and against the defendant in the county court of Fayette county, Illinois, and which notice and receipt thereof bear the signature of the defendant as having been received by the defendant on Dec. 17,1921, and the court having heard evidence as to the plaintiff’s claim and evidence having been heard in open court and thereupon the said defendant by John H. Webb, his attorney, also comes and files herein his warrant of attorney, the execution of which being duly proved and also his cognovit confessing the action of said plaintiff against D. H. Dale the said defendant, and that the said plaintiff has sustained damages herein by reason of the promises to the sum of six hundred eighty-nine dollars and sixty-eight cents.
 

 “Thereupon, upon testimony heard in open court it is considered by the court that the said plaintiff, Theodore Rubin, do have and recover of and from the defendant D. H. Dale, said damages of six hundred eighty-nine dollars, and sixty-eight cents in form as aforesaid by the said defendant confessed together with costs of and charges in this behalf expended and have execution therefor.
 

 “O. R. Torrence, County Judge.”
 

 Although the judgment recites that it was based
 
 *676
 
 upon a “declaration in a plea of trespass on the case upon promises,” by an interrogatory propounded by appellant to respondent, it was elicited that the judgment by confession was based upon the following written instrument: '
 

 “St. Peter, Illinois, April 27, 1914.
 

 “October 27, 1914, after date for value received I promise to pay to the order of the Equitable Securities Company of Columbus, Ohio, four hundred eight dollars with interest at the rate of six per cent per annum after maturity at the 1st National Bank, St. Peter, Illinois. And I, we or either of us authorize any attorney at law to appear for me, us or either of us, in any action on the above note, at any time after said note becomes due, in any court of record in or of the state of Ohio or any other state in the United States and waive the issuing any service of process against me, us or either of us, and confess judgment in favor of the payee indorsee assignee or any other legal holder of said note against me, us or either of us, for the amount that may then be due thereon, with interest at the rate therein mentioned and costs of suit, and to waive and release all errors of said proceedings, petitions in error and the right to appeal from the said judgment. D. H. Dale.”
 

 It will be observed that, in the above instrument, a warrant or authority of attorney was given to any attorney at law to appear for the maker of the instrument in any action on it at any time after the note became due, that is, after October 27,1914, in any court of record in or of the state of Ohio, or any other state in the United States, and waive the issuing [of] any service of process against him and confess judgment in favor of the payee, indorsee,
 
 assignee, or any other legal holder
 
 of the note against him, or either of them, for the amount that might then be due thereon, with interest at the rate therein mentioned and costs of suit; and to
 
 waive and release all errors,
 
 etc.
 

 
 *677
 
 It is to be noted, also, that the confession of judgment entered in the county court in Fayette county, Illinois, was long after the note became due.
 

 The judgment recites proof of mailing of notice to appellant which recited that a judgment was to be confessed by the plaintiff and against the defendant in that court, which notice' and receipt thereof bearing the signature of the defendant as having been received by him on December 17,1921, was filed in court; that the court heard evidence as to the claim of plaintiff in open court, and that defendant, by one Webb, his attorney, also appeared and filed therein his warrant of attorney, the execution of which was duly proved, and also his
 
 cognovit
 
 confessing the action of plaintiff against appellant, and that damages had been sustained by appellant by reason of the promises in the sum of $689.68. Judgment was thereupon entered for that amount, together with costs and charges.
 

 A statute of Illinois was pleaded and proven, 111. Rev. Stat., 1925, chap. 110, § 88, providing that:
 

 “Any person for a debt
 
 bona fide
 
 due may confess judgment by himself or attorney duly authorized, either in term time or vacation, without process. Judgments entered in vacation shall have like force and effect, and from the date thereof become liens in like manner and extent as judgments entered in term.”
 

 A statute was also pleaded and proven, 111. Stat. Ann., Laws of 1907, 403, § 7644, par. 2, which provides that the negotiable character of an instrument otherwise negotiable is not affected by a provision which authorizes a confession of judgment.
 

 Replying to an allegation in the answer of appellant that the action was barred by the statute of limitations, respondent further pleaded and proved the statutes of Illinois, 111. Rev. Stat., 1925, chap. 83, § 17 (16) which provides that actions on bonds, promissory
 
 *678
 
 notes, etc. in writing, may be commenced within ten years next after the accrual of the cause of action; and another, 111. Rev. Stat., 1925, chap. 83, § 19 (18), providing that, when a person is out of that state when a cause of action accrues against him, the action may be commenced within the time limited by law after he has returned to the state; and if, after a cause of action has accrued, he departs from and resides out of the state, the time of his absence is no part of the time limited for the commencement of the action; but that the latter provisions shall not apply to any case when, at the time the cause of action accrued, or shall accrue, neither the party against, nor in favor of whom, the same accrued or shall accrue, were or are residents of that state.
 

 In appellant’s answer, after denials, it was affirmatively alleged that appellant never was indebted to respondent in any sum whatever; that he never was served with any process in the action referred to in plaintiff’s complaint as provided by law, and that the judgment therein entered is void and was entered without jurisdiction of the court that attempted to enter the same; and then set up a certain stock transaction alleged to have been entered into in 1915, by which respondent purchased from appellant a contract to buy certain stock wherein it was agreed that the respondent should pay the balance due the First National Bank of St. Peter, Illinois; that if respondent ever had any note, contract, or evidence of indebtedness of appellant, the same was obtained in the manner aforesaid and was not an obligation of appellant to respondent, and that all amounts due from appellant thereon had been fully paid; that any cause of action arising on account of that transaction is barred by the statute of limitations; that this defendant was not, on
 
 *679
 
 February 18,1922, nor any time mentioned in tbe complaint, a resident of Illinois.
 

 After these issues were formed, depositions were taken, in Illinois, of the attorney who procured the entry of the confession of judgment, of the officer of the bank mentioned in the affirmative answer of appellant, which was the indorsee of the note from the original payee, who bad knowledge of the transaction, and of respondent.
 

 Tbe undisputed evidence shows that appellant left Illinois in January, 1916, over a year after tbe note matured, first taking up bis residence in Wyoming, afterwards moving to this state, where be bad lived some five years at tbe time of tbe trial. Tbe evidence on tbe part of tbe bank officer and respondent is to tbe effect that tbe stock mentioned by appellant in bis answer was deposited with tbe note as collateral security for a loan to appellant. Tbe note was originally made payable to Equitable Securities Company of Columbus, Ohio. It was payable to “order,” and tbe evidence is that, after respondent paid tbe note at about tbe time it was due, by request of appellant as a loan to him, tbe note was indorsed to respondent by tbe bank, but tbe stock was never assigned. It was merely, as tbe witnesses say, “turned over” to respondent. Tbe bank officer and respondent also testified that tbe note bad not been paid by appellant and that respondent paid tbe full amount of it, with interest, to tbe bank.
 

 Tbe allegations we have recited as to tbe complaint are contained in an amended complaint. Although appellant demurred to tbe original complaint, no demurrer was interposed to tbe amended complaint. That complaint manifestly states a cause of action on a foreign judgment. Tbe contention of appellant that it does not, is untenable.
 

 
 *680
 
 The second contention of appellant is that a judgment procured in another state can be collaterally attacked for the lack of jurisdiction of the person of the defendant, and the entry of judgment in another state does not preclude him from interposing a valid defense under the full faith and credit clause of the Federal constitution (citing-numerous cases).
 

 It is first argued by appellant that confession of judgment cannot be entered in an action of trespass on the case.
 

 Our search of the Illinois cases reveals no case where the action was laid in “trespass upon the case upon promises,” as was done in the case before us, and all the cases in Illinois which make mention of the form of action in which confession judgments were entered mention them as in assumpsit.
 

 Little v. Dyer,
 
 138 Ill. 272, 27 N. E. 905, 32 Am. St. 140, the principal case relied upon by appellant, discussed the same statutory provision upon which the confession of judgment'was entered herein. The court there said:
 

 “The confession of judgment contemplated by said section is a confession of judgment in a proceeding instituted ‘without, process,’ and therefore has no reference whatever to a
 
 cognovit actionem,
 
 or confession of judgment signed by the defendant in the action after suit brought, and which was resorted to, at common law, in many different kinds of actions,- and at common law, a confession of judgment without process, or any action pending, was by means of a warrant of attorney, and, unless the amount was mentioned in the warrant itself, was restricted to notes, bills, bonds, or other instruments or evidences of indebtedness wherein the amount for which the judgment was to be confessed was so specified that it could readily be determined by mere inspection or computation, and did not require judicial inquiry for its ascertainment.”
 

 The case is not controlling here. In that case the
 
 *681
 
 cause of action was upon covenants in a lease to pay $36,000 as rent in installments of $300 at specified dates, and also all the water rents, gas bills, cost of electric light, license fees and personal property taxes. The declaration was in assumpsit with a special count based on the lease averring that the defendants did not pay the aforesaid sums as agreed, and that there was due
 
 bona fide
 
 from the defendants under the lease a large stated sum. Thereupon a certain attorney, as attorney for some of the defendants, filed a
 
 cognovit,
 
 thereby entering their appearance, waived service of process and confessed judgment in favor of the plaintiff for a number of those unliquidated claims, for the sum claimed in the declaration.
 

 It was held in that case that the attorney, acting under the power claimed to be granted by the warrant of attorney, was acting under a warrant for an uncertain, unliquidated and unlimited amount of money, and that a power so unrestricted cannot be either lawfully given or lawfully exercised. It was also further said:
 

 “. . . On grounds of sound public policy we are not disposed to extend the power of confessing judgments under and by virtue of warrants of attorney beyond the provisions of the statute and the decisions in the adjudicated cases.”
 

 An examination of a number of decisions reveals that such is the general rule in most jurisdictions; but it is inconsequential here. Here the power was voluntarily granted in a written, negotiable instrument to any attorney at law in any state in the union to confess judgment, without process, for the amount of the note and interest in favor of any holder of the note after the note matured and remained unpaid. The amount was certain by mere computation and not for unliquidated claims. The note was long past due when
 
 *682
 
 the judgment was confessed, and the evidence is that it was unpaid.
 

 Neither do we think it of any importance what the action was denominated in the judgment by confession.
 

 Eegardless of the form of action specified by the attorney for respondent in obtaining the judgment by confession, the proceeding was in a court of record. 111. Const, of 1870, Art. VI, §18, relating to county courts; 111. Eev. Stat., chap. 37, § 171,
 
 et seq.
 
 The county court had competent jurisdiction up to one thousand dollars in civil controversies. The warrant of attorney waived all errors.
 

 Of the courts of a sister state and their jurisdiction, as well as their general laws, we take judicial notice.
 
 Miller v. Miller,
 
 90 Wash. 333, 156 Pac. 8 (a case not cited by either party). Therefore, it must be presumed that the court which had jurisdiction of the subject-matter had jurisdiction to determine the remedy, if it had jurisdiction of the parties.
 

 The
 
 Miller
 
 case,
 
 supra,
 
 also adversely decides the contention of appellant, vigorously insisted upon, that because he was never personally served with process and was not at the time within Illinois, he has the right to attack that judgment collaterally and defend against it here.
 

 In the
 
 Miller
 
 case we held that a judgment on a note entered upon a warrant of attorney contained in the note to confess judgment
 
 without personal service
 
 is a judgment within the meaning of the clause of the Federal constitution and the Act. of Congress requiring full faith and credit in each state to judicial proceedings of every other state; and when rendered in the state where the debtor resided when the warrant was executed in strict conformity to the power and recognized in such state as a valid judgment, will
 
 *683
 
 be given effect in this state, although our laws do not authorize the practice of entering judgment by confession on a warrant of attorney. The judgment sued upon in that case had been obtained in Illinois,
 
 without process,
 
 upon a note which also contained a warrant of attorney to any attorney in any state or territory of the United States to appear, waive the service of process and confess judgment for the amount of the note with interest and a stated attorney’s fee and to file a
 
 cognovit
 
 for that amount, etc. The form of the judgment was for damages in the sum stated. The character of such judgments with a review of the authorities was there made.
 

 That case and the case of
 
 Cowen v. Culp,
 
 97 Wash. 480, 166 Pac. 789, are conclusive in the present case. It would be useless to discuss the contentions of appellant further than they are discussed in those cases.
 

 Appellant further contends that the trial court should have limited the judgment in this case to a judgment only against appellant separately and not a community judgment. The judgment was obtained in Illinois and is governed by the laws of that state. The property laws of Illinois governing the rights of spouses therein were neither pleaded nor proven, nor suggested to the trial court in any way except by a proposed finding after trial.
 

 The judgment is affirmed.
 

 Mitchell, O. J., Fullerton, and French, JJ., concur.
 

 Main, J., concurs in the result.