[No. 32254. Department One. April 23, 1953.]

LAKE AIR, INC., *Respondent*, v. MILLARD B. DUFFY *et al., Appellants.*[1]

[1]Reported in 256 P. (2d) 301.

*Johnson & Johnston,* for appellants.

*Dorsey, Haight & Holland,* for respondent.

MALLERY, J.—Defendant Duffy rented an airplane from plaintiff to fly from Seattle to a farm near Quincy, Washington. He signed a rental contract in which he agreed to fly "only in daylight. . .. . To land at established airports except as a precautionary or emergency measure." Defendant Duffy is in the business of installing furnaces. He loaded a furnace in the plane and flew to a private field or cow pasture on a farm near Quincy, where he was to install the furnace in the owner's house. He arrived after dark and cracked the plane up considerably in landing.

Plaintiff sued for damages to the plane in two causes of action, one sounding in tort and one in contract. The trial court gave judgment upon both causes of action, with the provision that recovery should not be cumulative. Defendants appeal, and contend that respondent should not prevail on either cause of action.

We shall consider the action *ex contractu,* and refer to the appellants as if Duffy were the sole appellant.

Appellant makes six assignments of error. The second assignment is that the trial court erred in making its finding of fact that appellant executed an aircraft rental contract, and that respondent did not use fraud in procuring its execution.

We are satisfied, from an examination of the record, that the trial court's finding of fact is amply supported by the evidence. Appellant was obviously in a hurry to take off, and respondent questioned him to secure the information necessary to fill out the blanks in the contract form, which was submitted to appellant for his signature without any representations of any kind. Appellant had ample opportunity to examine the contract in as great a detail as he cared, and he failed to do so for his own personal reasons. Under these circumstances, he cannot be heard to deny that he executed the contract, and he is bound by it. 12 Am. Jur. 628, § 137; 1 Williston on Contracts (Rev. ed.) 89, § 35; *Perry v. Continental Ins. Co.,* 178 Wash. 24, 33 P. (2d) 661; and *Terminal Trading Co. v. Babbit,* 7 Wn. (2d) 166, 109 P. (2d) 564.

Appellant's third assignment of error is that the trial court erred in making a finding of fact that the plane was in good operating condition when it was preflight checked by appellant, and that no misrepresentations were made to him.

The issue in the trial over the condition of the plane elicited extensive testimony on both sides. The record presents a situation in which a finding either way could have abundant support, it being entirely a matter of credibility of the witnesses. In this situation, we rely heavily upon the trial court, who saw and heard them, and accordingly sustain the trial court's finding of fact in this regard.

Appellant's fourth assignment of error is directed to the trial court's finding of fact that the landing of the plane on the private field was not emergent; that it violated the aircraft rental agreement; that appellant's contention that the flaps, generator, and brakes were defective was not true and did not contribute to the accident; and that re-

spondent should recover the amount of money expended in procuring a jig to repair the damage done to the plane, and the amount expended in dismantling, magnafluxing, and assembling the aircraft motor.

The evidence was highly in conflict as to the condition of the generator, flaps, and brakes. We sustained the trial court's finding that they were in good condition, and in no way contributed to the accident.

We also sustain the trial court's finding that the landing, in the private field, was not emergent. We are satisfied, as was the trial court, that appellant intended to land in that particular field when he left Seattle.

Since we sustain the trial court's finding that the plane was not defective, and that the landing in the cow pasture after dark was not emergent, the appellant is liable for the damage to the plane resulting from his breach of the contract in making such a prohibited landing.

■ The record shows that there was no ready-made jig procurable for use in repairing the plane, and that respondent, therefore, had to build one. In the court below, appellant did not ask for the jig upon satisfaction of the judgment, nor was any contention then made that it had a market value. Its cost is a proper element of damage. The costs of dismantling, magnafluxing, and assembling the aircraft motor appear from the record to be in accord with established engineering practices and were proper elements of damage.

Appellant's fifth assignment of error is that the trial court erred in finding that the aircraft was withheld from respondent for seven days; that it could not be repaired in less than ninety days; and that the use value for that period was three hundred fifty dollars per month. We quote appellant's brief:

"It is our contention that the evidence presented in support of the above claimed damages was too remote and speculative. That the best evidence would be the books and records of respondent's business showing the income and expenses in connection with the plane in question, and

that if such evidence had been presented, 'it would have shown that the monthly income was much less than that stated."

This assignment of error appears to us to be an afterthought. The record shows that the present contention was not presented to the trial court during the course of the trial. It will, therefore, not be considered here for the first time. It is the rule that the trial court must be afforded an opportunity to rule correctly upon a matter before it can be presented to us by way of appeal.

We quote appellant's brief in support of the sixth assignment of error:

"The court erred in concluding the respondent should have an individual judgment against Ida Duffy, as well as against the marital community composed of Millard B. Duffy and Ida Duffy. There is nothing in the evidence presented, or in the Findings of Fact, to indicate that Ida Duffy had anything whatsoever to do with the renting of the plane and/or the subsequent accident. Such a conclusion and judgment thereon is clearly beyond the jurisdiction of the court."

An examination of the transcript herein reveals that counsel for appellant approved the findings of fact and conclusions of law as to form. The conclusions of law contained the same language as that incorporated in the judgment to which appellant now objects, and which counsel also approved as to form. While approval of a judgment as to form does not prevent an aggrieved party from appealing, it does preclude basing the appeal upon the wording of the judgment, since the trial court must be afforded an opportunity to rule upon the question before it can be presented to us upon appeal.

Appellant's first assignment of error is that the decision of the trial court is contrary to the evidence, and in support thereof makes the contention that "because of the poor acoustics present in the court room the trial court did not hear much of the evidence presented."

We are not impressed.

It is not necessary to consider the appeal on the tort action.

The judgment is affirmed.

GRADY, C. J., HILL, WEAVER, and OLSON, JJ., concur.