[No. 1207-1.    Division One—Panel 2.    May 29, 1973.]

COPELAND PLANNED FUTURES, INC., *Respondent,* v. DEAN F. OBENCHAIN *et al., Appellants.*

*Thomas J. Isaac,* for appellants.

*Zelensky, Steere & Baldwin* and *Donald A. Mallett,* for respondent.

HOROWITZ, J.—The question presented is whether a

default judgment, entered in New York against a nonresident defendant on his unpaid promissory note pursuant to New York's Simplified Procedure for Court Determination of Disputes as authorized by the note, is entitled to full faith and credit in Washington.We hold the judgment to be so entitled and affirm the judgment for the reasons later stated.

On April 24, 1963, defendant Dean F. Obenchain, then a New York resident, entered into a program with plaintiff Copeland Planned Futures, Inc. in New York to finance the former's payment of life insurance premiums on a policy to be issued to him. The program contemplated that from time to time over a 5-year period defendant would borrow money from the plaintiff in a sum which would be sufficient to pay the insurance premiums. Defendant initially borrowed $1,100 from the plaintiff on his note, secured by a collateral assignment of the insurance policy. The $1,100 so borrowed was paid by the plaintiff to the insurance company that had issued the policy. Each succeeding year through 1966, the defendant followed a similar practice of borrowing $1,100 to pay the insurance premium, executing a renewal note in an amount sufficient to pay the previous note plus the $1,100 borrowed to pay the current insurance premium, with interest at 6 percent.

The last note, dated February 1, 1967, was for $1,207.66, plus 6 percent interest, payable February 1, 1968. This note was executed in renewal of the unpaid balance of the previous note, after the cash value of the insurance policy had been borrowed and applied and the premium due on the policy had been paid by the plaintiff on defendant's behalf. Plaintiff mailed the note for signature to the defendant, then residing in California. Defendant executed the note there and mailed it back to the plaintiff in New York. Plaintiff then paid the premium on the insurance policy on defendant's behalf. Unlike the prior notes, however, the February 1, 1967 note contained the following provision:

> [T]hat any dispute arising out of this note shall be governed by the New York Supreme Court in and for the

County of Onondaga, pursuant to "New York Simplified Procedure for Determination of Disputes", NYCPLR, 3031-3037, with personal jurisdiction hereby consented to for that purpose, and New York law to govern.

Defendant Dean F. Obenchain failed and then refused to pay the note when it became due. Plaintiff commenced an action against defendant, then a nonresident of New York, using the New York Simplified Procedure for Court Determination of Disputes as authorized in the note to obtain jurisdiction over the defendant.[1] Defendant did not appear. Plaintiff obtained a default judgment in his favor in conformity with New York Civil Practice Law and Rules (N.Y. CPLR) §§ 3031-37.

Plaintiff thereafter commenced the action below to register the New York judgment in Washington pursuant to RCW 6.36.020. The defendants were designated as "Dean F. Obenchain and Jane Doe Obenchain, his wife." Defendants answered describing the defendants as "Dean F. Obenchain and Anne Louise Obenchain, his wife." They denied liability and pleaded affirmatively that plaintiff (1) had falsely issued a type of promissory note substantially different from those in prior years; (2) that the note was not sup-

---

[1] N.Y. CPLR §§ 3031-37 authorize personal jurisdiction over a defendant to be obtained in cases where he has executed a "written contract, otherwise valid under the substantive law, to submit any existing or future controversy to the court pursuant to [the New York Simplified Procedure for Court Determination of Disputes]" such a contract being deemed "an implied consent of the parties to the jurisdiction of the supreme court of this state to enforce it pursuant to the procedures of rule 3036 . . ." N.Y. CPLR § 3033(1). The statute referred to does away with summons and pleadings (3031); most of the usual rules of evidence (3035(b), 3036(1)); many rules as to procedure (3036(1)); trial by jury (3031, 3033(1), except as to the issues of whether a contract to submit or a submission was made or complied with, 3033(2), 3034(3)); such preliminary procedures as local court rules may impose as conditions precedent to putting the case on the calendar (3036(6)); and appeal as of right from intermediate orders, substituting appeal by permission (3037). The provisions are intended to "promote the speedy hearing" of the case, providing for it "a procedure that is as simple and informal as circumstances will permit." N.Y. CPLR § 3035(a). *See* Practice Commentary, N.Y. CPLR § 3031 (McKinney Supp. 1972-73).

ported by consideration; (3) that plaintiff had violated its agreement "relating to the insurance and the financing thereof, whereby it should take nothing in return for its promissory note."

Subsequently, after plaintiff filed answers to defendants' interrogatories, cross motions for summary judgment were filed by each party supported by their respective affidavits. The court, after hearing and argument, granted plaintiff's motion for summary judgment, denied defendants' motion, and entered an order establishing the judgment

> as a final personal judgment of this court pursuant to RCW 6.36.070, and that plaintiff shall recover its costs, disbursements, and interest herein.

Defendants appeal.

Defendants contend the court below erred in entering an in personam judgment against defendants because the New York judgment was entered without service of summons as required by N.Y. CPLR §§ 302, 304, 308 and 313. These statutes require personal service of summons upon a non-resident defendant. Section 302 is somewhat similar to Washington's long-arm statute RCW 4.28.185.

■ The disposition of defendants' contention requires a brief statement concerning the legal effect of advance consent for purposes of obtaining jurisdiction over the person of a nonresident defendant. A person, whether or not a resident or domiciliary of a state, may by his consent thereto before or after an action is brought against him, permit the state to acquire jurisdiction over him in a judicial proceeding even if he has not been served with process. H. Goodrich & E. Scoles, *Conflict of Laws* § 73 at 121 (4th ed. 1964); Restatement (Second) of Conflict of Laws § 32 (1971). A judgment based on consented-to jurisdiction over the defendant's person, if valid in the state where rendered, is entitled to full faith and credit in a sister state in which it is sought to be enforced. This rule applies even if, because of consent, the judgment has been obtained without service of process. *Rubin v. Dale*, 156 Wash. 676, 288 P. 223 (1930); *Cowen v. Culp*, 97 Wash. 480, 166 P. 789 (1917);

*Miller v. Miller,* 90 Wash. 333, 156 P. 8 (1916); 28 U.S.C. § 1738; Annot., 39 A.L.R.2d 1232, 1235 (1955); Restatement (Second) of Conflict of Laws § 32 (1971). The rule stated applies even if, without such consent, jurisdiction would be lacking, as in *Pickler v. Pickler,* 5 Wn. App. 627, 489 P.2d 932 (1971), upon which defendants particularly rely.

A common illustration of jurisdiction conferred by consent is consent to judgment by confession as provided by RCW 4.60. Such a statute permits the entry of judgment by confession in the manner prescribed by the statute without notice and hearing. RCW 4.60.050. A judgment entered pursuant to such a statute is valid. *Swarb v. Lennox,* 405 U.S. 191, 31 L. Ed. 2d 138, 92 S. Ct. 767 (1972); *D.H. Overmyer Co. v. Frick Co.,* 405 U.S. 174, 31 L. Ed. 2d 124, 92 S. Ct. 775 (1972). The judgment so entered is entitled to full faith and credit. *Rubin v. Dale, supra; Cowen v. Culp, supra; Miller v. Miller, supra.*

N.Y. CPLR §§ 3031-37, previously summarized in the margin, substitutes a notice procedure for the use of a summons. The statutes permit their use only if the parties have agreed by a valid, written contract to submit any future controversy to the court pursuant to § 3031. Such consent is treated as "an implied consent of the parties to the jurisdiction of the supreme court of this state to enforce it pursuant to the procedures of rule 3036, and to enter judgment thereon . . ." § 3033(1). Rule 3036 provides for the use of certain procedures in acquiring jurisdiction and incorporates the New York rules not here applicable "pertaining to venue, entry and enforcement of judgment and the continuance of a civil action in case of the death or incompetency of parties . . ."

N.Y. CPLR §§ 3031-37 do not purport to limit their application to New York domiciliaries. There is no more reason for such a limitation than in the statutes providing for judgment by confession (*Rubin v. Dale, supra*), or in statutes providing for arbitration of disputes by consent of the parties.

Defendants in effect argue, however, that for purposes of

determining whether the New York judgment is entitled to full faith and credit, we should take judicial notice of other New York laws on which defendants rely dealing with obtaining jurisdiction over the person of nondomiciliaries. *See Rubin v. Dale, supra; Miller v. Miller, supra.* These statutes require personal service of process. Defendants cite cases which call attention to the necessity of such service of process, such as *Pickler v. Pickler, supra.*

The New York statutes and cases on which defendants rely do not deal with the problem of jurisdiction by consent over the person of the defendant. They deal, rather, with the nonresident defendant over whom personal jurisdiction is sought to be asserted when he has not consented to a particular form of procedure. *See* Restatement (Second) of Conflict of Laws §§ 24, 32 (1971). When consent dispensing with the service of summons is involved, the service of summons is not required. *See* Restatement (Second) of Conflict of Laws § 25, comment *d* (1971). Thus, if the statutes provide for the service of a notice rather than a summons and the defendant has consented to the use thereof, jurisdiction is recognized. Even RCW 5.44.020 provides that a foreign judgment is entitled to full faith and credit if that judgment is rendered "upon personal service of summons, *notice* or other due process against the defendant therein." (Italics ours.) Just as a statute authorizing judgment by confession without any service of process does not violate the due process clauses of the state or federal constitutions because the defendant has consented thereto, so consented-to jurisdiction under N.Y. CPLR §§ 3031-37 does not violate due process.

When a state's jurisdiction over the person of a defendant, whether domiciliary or not, is based on the latter's consent, the sister state in which the judgment is sought to be enforced may reexamine the validity of the consent on which claimed jurisdiction rests. This is true even though the existence of that consent was an issue triable or tried in the state in which the original judgment was entered. N.Y. CPLR 3034(3). H. Goodrich & E.

Scoles, *Conflict of Laws* §§ 73, 209 (4th ed. 1964); Restatement (Second) of Conflict of Laws §§ 32, 104 (1971). *See Fuller v. Ostruske,* 48 Wn.2d 802, 296 P.2d 996 (1956); *Brown v. Brown,* 46 Wn.2d 370, 281 P.2d 850 (1955); *Maple v. Maple,* 29 Wn.2d 858, 189 P.2d 976 (1948). *See generally* Annot., 39 A.L.R.2d 1232, 1246 (1955).

In the instant case defendants contend, and their answer in effect pleads, the lack of a "written contract, otherwise valid under the substantive law." N.Y. CPLR § 3033(1). Defendants' motion for summary judgment accepts as true, for purposes of their motion, plaintiff's answers to defendants' interrogatories. The answers, including No. 18, state in substance that defendant Dean F. Obenchain was served in accordance with the New York Simplified Procedure for Court Determination of Disputes pursuant to the agreement therefor contained in the February 1, 1967 note on which plaintiff sued in New York.

■ Defendants claim lack of consent because Dean F. Obenchain, when he signed the note received in the mail in California, either neglected to read it or to read it carefully, and he did not realize that the note contained an express provision by which he consented to the use of N.Y. CPLR §§ 3031-37 "with personal jurisdiction hereby consented to for that purpose, the New York law to govern." Giving defendant the full benefit of his claims, lack of consent is not made out. A person who signs a contractual writing such as a note is charged with knowledge of its contents and cannot claim that he did not read it or was inattentive to its provisions. *Lake Air, Inc. v. Duffy,* 42 Wn.2d 478, 256 P.2d 301 (1953); *Terminal Trading Co. v. Babbit,* 7 Wn.2d 166, 109 P.2d 564 (1941); *Perry v. Continental Ins. Co.,* 178 Wash. 24, 33 P.2d 661 (1934). The payee who receives the note in the mail has a right to assume that the maker voluntarily signed and thereby consented to the note with knowledge of its contents, and to rely upon that fact. There is no evidence here that the original financing plan entered into in New York contemplated that the loans

to be thereafter made during the 5-year period should be evidenced by any particular form of note.

Defendant claims that in effect there is no valid consent because there is no consideration for the note. There is no showing that the New York law on consideration for a renewal note is any different than the law in Washington. The presumption is that it is the same. *German Am. Bank v. Wright,* 85 Wash. 460, 148 P. 769 (1915); *Pitt v. Little,* 58 Wash. 355, 108 P. 941 (1910); Restatement (Second) of Conflict of Laws § 136 (1971). Plaintiff's answers to defendants' interrogatories, accepted by defendants as true for purposes of their motion for summary judgment, show that the consideration for the renewal note originally sued on was an antecedent debt, namely, the previous note. Such consideration is sufficient. *Pierce v. Lowenthal,* 161 Wash. 336, 295 P. 1021 (1931); RCW 62A.3-408; 10 C.J.S. *Bills and Notes* § 150(b) (1938). The New York judgment being valid, any defenses on the merits, as opposed to questions relating to jurisdiction, may not be reexamined. *Williams v. Steamship Mut. Underwriting Ass'n,* 45 Wn.2d 209, 273 P.2d 803 (1954). *See generally* Annot., 39 A.L.R.2d 1232, 1246 (1955).

The New York judgment names only Dean F. Obenchain as party defendant. The Washington judgment, however, purports to be "against the defendants and the marital community composed thereof." The only reference in the record to the marriage of the defendants is that they are characterized as "husband and wife" in the titles to the pleadings and other papers filed in the proceedings taken in Washington. Defendants neither raise nor argue the question of the propriety of the language quoted from the Washington judgment if the New York judgment is valid. We uphold the validity of the New York judgment and, in the absence of a proper record and objection, uphold the validity of the Washington judgment, including the above-quoted language therefrom. We leave open, however, for decision in another case, the question of the scope of the judgment that may be entered here when a sister state

judgment obtained in a noncommunity property state under circumstances similar to those here is sought to be enforced under RCW 6.36.020 against the sister state judgment debtor's wife and as a community obligation. *See Rubin v. Dale,* 156 Wash. 676, 288 P. 223 (1930).

The judgment is affirmed.

WILLIAMS and CALLOW, JJ., concur.

Petition for rehearing denied July 17, 1973.