IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MIREILLE L. LAMBERT, | No. 81658-6-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| ERIC M. LEITSCHUCK, | |
| Appellant. | |

COBURN, J. — Eric Leitschuck appeals a protection order entered against him by King County Superior Court. He contends the superior court lacked jurisdiction, failed to enter the necessary findings, and was biased against him. Leitschuck does not establish an entitlement to appellate relief. Accordingly, we affirm.

FACTS

On or about March 26, 2020, Mireille Lambert filed a petition for a protection order against appellant Eric Leitschuck at King County Superior Court. The petition alleged that Leitschuck was a "current or former cohabitant as part of a dating relationship." The petition alleged that Leitschuck had committed the following acts of domestic violence and stalking: 30-plus days of digital stalking on social media platforms like Facebook, Instagram, Reddit and OKCupid; contacted Lambert from a spoofed account from a random phone number

Citations and pin cites are based on the Westlaw online version of the cited material.

generator; sent harassing emails to Lambert's personal email account including "disturbing emotional verbiage, threats of suicide, and illicit drug use"; insinuated having installed stalkerware on Lambert's personal devices to track all communications; threatened violence against himself; threatened to "go public" with information that would cause social or professional harm; and attempted to contact current colleagues at Lambert's place of employment. Lambert attached to her petition over 100 pages of emails, text messages, and other communications she allegedly received from Leitschuck throughout March 2020.

The court granted Lambert a temporary protection order on or around March 26, 2020. Leitschuck responded to Lambert's petition on or around May 3, 2020 raising, inter alia, issues regarding service and jurisdiction.

On May 5, 2020, Lambert filed a declaration replying to Leitschuck's filing and alleging that Leitschuck continued to contact her even after the court issued the temporary protection order. She attached a seven-page spreadsheet detailing communications she and others connected to her had allegedly received from Leitschuck from March 3, 2020 to April 29, 2020.

On May 14, 2020, a commissioner held a telephonic hearing on Lambert's petition for a protection order. Lambert was represented by counsel; Leitschuck appeared pro se. Both Lambert and Leitschuck testified. Leitschuck did not deny sending the messages alleged by Lambert. The court granted Lambert's petition and issued a written order for protection.

Leitschuck moved for revision. The court held a hearing on Leitschuck's motion for revision on June 18, 2020. The court denied Leitschuck's motion for revision.

Leitschuck appeals, pro se.[1]

DISCUSSION

The sole matter on appeal is whether the superior court erred by issuing the protection order. The Washington Domestic Violence Prevention Act (DVPA) provides for an action to obtain "an order for protection in cases of domestic violence." RCW 26.50.030. The DVPA defines domestic violence, in relevant part, as "[p]hysical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury or assault, sexual assault, or stalking as defined in RCW 9A.46.110 of one intimate partner by another intimate partner . . ." RCW 26.50.010.

A trial court's decision to grant a domestic violence protection order is a matter of judicial discretion. In re T.W.J., 193 Wn. App. 1, 6, 367 P.3d 607 (2016). "Where the decision or order of the trial court is a matter of discretion, it will not be disturbed on review except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

---

[1] Leitschuck designated for appeal the order for protection, dated May 14, 2020, and the order on motion for revision, dated June 18, 2020. To the extent Leitschuck now argues that the superior court erred by issuing the temporary protection order in March 2020, we do not consider that argument because that order was not designated for appeal nor is that order in the record before us.

<u>Service</u>

Leitschuck argues that he was not properly served with a summons.  He acknowledges that he received Lambert's petition for a protection order and other documents from the court clerk via email[2] on May 1, 2020 but says that a summons was not included.

When a defendant consents to dispensing with the service of summons, the service of summons is not required.  <u>Copeland Planned Futures, Inc. v. Obenchain</u>, 9 Wn. App. 32, 37, 510 P.2d 654 (1973).

Towards the beginning of the hearing on May 14, 2020, the court asked Leitschuck if he agreed to acknowledge service of the petition and waive the five court days' notice to proceed with the hearing.  If he did not, the court informed him, the court would reschedule the hearing so that he could be served with the petition and proof of service could be filed.  Leitschuck responded, "Okay.  I do consent to the hearing and service and proceeding with the objection maintained over jurisdiction."

Accordingly, the court issued the following oral ruling regarding service: "So the record will reflect that Mr. Leitschuck has acknowledged that he received the petition on May 1st, which is more than five court days prior to today's hearing.  He was present by telephone when this matter was previously continued on May 7th . . . . He has filed a response to the petition, and so I find that he was served and that we can move forward this morning."

---

[2] The record reflects that during the time period at issue, email service was authorized by a Governor's proclamation and a Washington Supreme Court order, as well as a superior court order specific to this case.

Even assuming a summons was never served on Leitschuck, he consented to dispensing with the service requirement and proceeding with the hearing on May 14, 2020. See Copeland, 9 Wn. App. at 37.

Personal Jurisdiction

Leitschuck argues that the superior court did not have personal jurisdiction over him because he moved from Washington to Oregon on or around March 23, 2020 and has not returned to Washington since.

"In a proceeding in which a petition for an order of protection under this chapter is sought, a court of this state may exercise personal jurisdiction over a nonresident individual if: . . . (c) The act or acts of the individual or the individual's agent giving rise to the petition or enforcement of an order for protection occurred within this state; (d)(i) The act or acts of the individual or the individual's agent giving rise to the petition or enforcement of an order for protection occurred outside this state and are part of an ongoing pattern of domestic violence or stalking that has an adverse effect on the petitioner or a member of the petitioner's family or household and the petitioner resides in this state . . ." RCW 26.50.240.

Leitschuck's acts giving rise to Lambert's petition for a protection order occurred within Washington until about March 25, 2020. Leitschuck's acts then continued after he says he moved to Oregon and were part of an ongoing pattern of domestic violence or stalking that had an adverse effect on Lambert, who resides in Washington. Pursuant to RCW 26.50.240(c) and (d)(i), the superior

court had personal jurisdiction over Leitschuck in this proceeding regarding Lambert's petition for a protection order.

Findings of Fact

Leitschuck argues that the superior court lacked the required findings of fact to issue the protection order. We disagree.

The superior court issued comprehensive oral and written findings of fact. Leitschuck fails to assign error to any of the trial court's findings of fact. RAP 10.3(a)(4) and (g) require separate assignments of error to each of the trial court's contested factual findings. Because these findings have not been properly challenged, we treat these findings as verities on appeal. In re Estate of Lint, 135 Wn.2d 518, 532-33, 957 P.2d 755 (1998); Tapper v. Emp't Sec. Dep't, 122 Wn.2d 397, 407, 858 P.2d 494 (1993).

At the conclusion of the May 14, 2020 hearing on Lambert's petition for a protection order, the court made the following findings regarding the parties' relationship and domestic violence in an oral ruling:

> The parties were intimate partners. They were in a former dating relationship. Cohabitants -- they were cohabitants as part of a dating relationship. The respondent had the opportunity to participate in this hearing, as I indicated. Based on all of the evidence that this Court had considered, I do find that the petitioner has proven it is more likely than not that the respondent has committed domestic violence as defined by the statute RCW 26.50.010 and the other statutes referenced at the outset of the hearing.
> I find that the petitioner's version of events are credible and support the petition and the requested relief, and I find that the respondent represents a credible threat to the physical safety of the petitioner.
> Specifically, I find that the petitioner has proven that the respondent has not only contacted her a large, excessive number of times, but that once he was put on notice, on or about March 19,

2020, that the petitioner wished to have no further contact with -- or from the respondent, to which he responded, "I understand," that he continued to contact her repeatedly and excessively.

Under the statute, this constitutes prima facie evidence that he intended to intimidate or harass the petitioner, and I find that her fear, as stated and described to this Court today as well as in her petition, is reasonable. It's . . . particularly reasonable based on the content and volume of the respondent's communication to her.
. . .

I'm also concerned that even after having notice of the temporary order, the respondent continued to contact the petitioner, and I find the petitioner's testimony to be credible, where she indicated that in even messages that were from unknown numbers or accounts, that she was able to identify that it was the respondent who was sending the messages because messages specifically referenced this proceeding, the temporary order, the respondent's child, and addressed the petitioner by name.

I find that the respondent has not refuted the allegations that he sent these messages or that these messages were intended to intimidate or harass the petitioner. I find the respondent's arguments to be unpersuasive, and again, that the petitioner has proven it is more likely than not that the respondent has committed domestic violence.

I'm granting the petitioner's request that the order for protection be entered for a term of three years. So the expiration date will be May 14th of 2023. I find that the respondent is likely to resume acts of domestic violence against the petitioner if this order expires in just one year, and I'm granting the relief for a period of three years.

. . . [O]ne of the reasons that I find that is that after having notice of the temporary order, the respondent continued to contact the petitioner. And prior to that, after being told by the petitioner that she didn't want to be contacted anymore, the respondent continued to contact the petitioner. And so I find that it's necessary, to protect the petitioner, that this order be entered for longer than one year.

The court's written order for protection, completed on the mandatory form[3]

for such orders and issued the same day as the hearing, found that Lambert and

---

[3] See RCW 26.50.035(1) (the administrative office of the courts shall develop and prepare standard order for protection forms; standard order for protection forms must be used after September 1, 1994 for all orders issued under chapter 26.50 RCW).

Leitschuck were intimate partners and that Leitschuck represented a credible threat to Lambert's physical safety. The court's order also included the following handwritten findings and incorporated the court's oral findings: "The court heard [the] parties' testimony and finds Petitioner to be credible; Respondent did not deny sending the messages to Petitioner; court finds DV [domestic violence] by preponderance of the evidence per RCW 26.50.010. Court finds Respondent likely to resume DV [domestic violence] if order expires in a year and so enters this order for longer, finding it is necessary to protect Petitioner. The court's detailed findings are incorporated by reference herein."

Leitschuck fails to cite any legal authority requiring findings beyond those quoted above. His claim regarding lack of findings fails.

Alleged prejudice of the court

Leitschuck argues that the protection order should be reversed because the superior court was biased against him.

A trial court is presumed to perform its functions regularly and properly without bias or prejudice. In re Marriage of Meredith, 148 Wn. App. 887, 903, 201 P.3d 1056 (2009). The test for determining whether a judge's impartiality might reasonably be questioned is an objective one that assumes the reasonable person knows and understands all of the relevant facts. Sherman v. State, 128 Wn.2d 164, 206, 905 P.2d 355 (1995). The party claiming bias or prejudice must support the claim with evidence of the trial court's actual or potential bias. State v. Dominguez, 81 Wn. App. 325, 328-29, 914 P.2d 141 (1996).

Leitschuck argues that the superior court was biased against him because it ruled against him on the issues discussed at length above regarding service, jurisdiction, and the findings of fact. For the reasons detailed above, the superior court properly addressed these issues, and there is no evidence that it was prejudiced against Leitschuck on these issues.

In addition, Leitschuck argues that the superior court was biased against him because it found Lambert credible and did not sanction Lambert for replacing her cell phone after she received email messages indicating that Leitschuck had installed tracking software, or spyware, on her cell phone. Though Leitschuck attempts to characterize Lambert replacing her cell phone as "spoliation of evidence," there is no support in the record for that contention. Lambert submitted to the superior court the emails she received indicating that Leitschuck had installed tracking software, or spyware, on her cell phone and she was not required to prove that such software was in fact installed on her phone to seek or obtain a protection order. The superior court provided findings supporting its credibility determination, which were based on evidence in the record; this is not evidence of bias.

Last, Leitschuck argues that the superior court was biased against him because it awarded Lambert attorney fees without finding that Leitschuck had the ability to pay and because Lambert enjoyed an "unfair litigation advantage" because he could not afford an attorney. The superior court ordered Leitschuck to pay Lambert $3,000 for attorney fees pursuant to RCW 26.50.060(1)(g). RCW 26.50.060(1)(g) provides that the court may "require the respondent" to

"reimburse the petitioner for costs incurred in bringing the action, including reasonable attorneys' fees . . ." The statute does not require that the court find the respondent has the ability to pay; the superior court did not err by not making such a finding regarding Leitschuck. In addition, the fact that Leitschuck represented himself before the superior court is not evidence of court bias.

Leitschuck requests that we award him his legal costs from May 1, 2020 through this appeal. Leitschuck fails to provide any legal authority for this request; for that reason, and because Leitschuck has not prevailed on any issue on appeal, we deny his request for an award of legal costs.

Affirmed.

_____
Coburn, J.

WE CONCUR:

_____           _____